STATE EX REL. SEAL *v.* SUPERIOR COURT OF
KNOX COUNTY ET AL.

[No. 27,817. Filed January 30, 1943.]

*Joseph W. Kimmell,* of Vincennes, and *Barnes, Hickam, Pantzer & Boyd,* of Indianapolis, for petitioner.

*Emison & Emison* and *Ottis L. Sturbois,* all of Vincennes, *Carl M. Gray,* of Petersburg, and *White, Wright & Boleman,* of Indianapolis, for respondents.

FANSLER, J.—This is an original action seeking a writ prohibiting the respondents from enforcing a restraining order issued in the Superior Court of Knox County. A temporary writ issued and responses have been filed.

The facts alleged in the petition are not denied. They are substantially as follows: The relator was the regular Judge of the Knox Circuit Court. He was a candidate for reelection in November, 1942. The respondent, James Allen Jones, was his opponent. The election canvassing board certified the respondent Jones as having received a majority of the votes cast. The election was held on November 3rd. On November 16th the relator filed in the Knox Circuit Court his verified petition for a recount of the votes and tendered his bond as provided by statute. The respondent Jones was served with notice of the filing of the petition. The relator disqualified himself as judge and the parties agreed upon Hon. A. Dale Eby, regular Judge of the Gibson Circuit Court, as special judge, and he qualified as such. The respondent Jones filed a motion to dismiss the petition for a recount upon the ground that no proceeding to contest the election had been filed and that therefore there was no authority for a recount. This motion was overruled. A recount was ordered and commissioners appointed and instructed in their duties and directed to commence the recount on December 8th. On December 19th, and prior to the report of the recount commissioners, the respondent Jones filed a complaint in the Superior Court of Knox County seeking an injunction, and the court granted and issued a restraining order without notice, restraining the recount commission "from making, executing, signing and de-

livering to the Clerk of the Knox Circuit Court or to any other person a certificate, certification or any other paper or record showing that the defendant, Ralph A. Seal, . . . received a higher or greater number of votes for judge of said court at said election than James Allen Jones received." It is noted that the commission was not enjoined from certifying that the respondent Jones had received a greater number of votes.

This action seeks a writ prohibiting the enforcement of the restraining order and further proceedings upon the ground that the Knox Superior Court is without jurisdiction in the premises.

Herman M. Robbins has made return showing that prior to service of the temporary writ he sustained a motion for a change of judge and relinquished jurisdiction of the cause, and that his term of office as Judge of the Superior Court expired on December 31, 1942, and that he is no longer judge; that he granted the restraining order in good faith, believing his court had jurisdiction so to do; that he has no jurisdiction to function further in said cause.

Sidney Gelb has filed a response showing that he took office as Judge of the Superior Court of Knox County on January 1, 1943; that he has no intention of his own volition as such judge of undertaking to punish any one for contempt for violating the restraining order, since, in his judgment, any violation would be an indirect contempt; that at the time a change of venue was taken from Herman M. Robbins as judge, objection was made to his nominating a special judge; and that these facts have been certified to the Clerk of the Supreme Court in order that a special judge may be nominated.

The respondent Jones in his response does not deny the material facts. He asserts that the Superior Court had jurisdiction to issue the restraining order (1) be-

cause Chapter 122 of the Acts of 1941 is unconstitutional; (2) because the relator was not entitled to have a recount and a recount commission appointed in the proceedings in the circuit court because he had not filed a proceeding to contest the election; and (3) that the restraining order does not interfere with the jurisdiction of the circuit court because that court is only empowered to appoint a commission, and not to supervise or control the commission's action after appointment.

The recount statute, Chapter 122 of the Acts of 1941, p. 340, p. 344 (§§ 29-2121 et seq., Burns' 1933 (Supp.), §§ 7407-1 et seq., Baldwin's Supp. 1941), provides that any candidate desiring a recount may file a petition in the circuit or superior court of the county, or before the judge thereof in vacation, specifying certain facts; that after notice to the opposing candidate and the furnishing of bond, the court or judge shall order the recount of the votes and appoint a commission "to make the recount or recounts ordered," and that the court shall by order impound the ballots and make them available for counting; that the commission shall recount the votes, and when the recount is completed shall make, sign, and file a certificate showing the result of its recount; that the certificate shall be filed with the clerk of the court ordering the recount, who shall enter it in the order book of that court; that such recount certificate shall supersede for all purposes all previous returns of the votes recounted, and shall be *prima facie* evidence of the votes cast for such office "in any contest or other proceeding in which there is an issue as to the votes cast at such election."

The recount was the relief sought by the relator's petition to the Knox Circuit Court. It must be pre-

sumed that before ordering the recount the court found that the facts entitling the petitioner to a recount had been established. The order of the court required the recount commission to count the votes and make return thereof, since the terms of the statute must be considered as part of this order by implication.

It is conceded that the respondent court had no jurisdiction to interfere with and prevent the execution of orders and mandates of the circuit court, a court of equal and coordinate jurisdiction. See *Scott et al.* v. *Runner, Assignee, etc.* (1896), 146 Ind. 12, 44 N. E. 755, and *State ex rel. Kunkel et al.* v. *Circuit Court of LaPorte County* (1936), 209 Ind. 682, 200 N. E. 614.

But it seems to be the contention that the restraining order does not interfere with the jurisdiction of the circuit court because that court is only empowered to appoint a commission, and that when a commission is appointed its jurisdiction ends; that the commission appointed becomes an administrative board, functioning independently of any court. But whether the commission was carrying out the orders of the court in making the recount or the return, or acting as an independent ministerial part of the election machinery under the terms of the statute, is of no consequence, as in either event the respondent court was without jurisdiction to control its actions or interfere with its function.

The statute vests in the circuit court jurisdiction to order the recount upon a proper showing, to appoint the commission, and to impound the ballots for its inspection. The statute requires that it file the certificate of its count and the result with the clerk of the court, and that it shall be entered upon the order book,

through which the court speaks and which is a record of the court's proceedings, and that the record thus made be perpetuated as evidence in any proceeding in which there is an issue concerning the votes cast at the election. It seems clear that the court ordering the recount and the impounding of the ballots for the purpose of recounting would have jurisdiction to prevent interference with the recount or interference with the result being spread of record upon its order book. Such jurisdiction would preclude jurisdiction in any other coordinate court to control or prevent the carrying out of the order to recount. If the circuit court had authority to determine whether a recount should be ordered, and to order it, and to prevent interference with it, then certainly any question as to whether the petitioner for the recount was entitled to have the recount, either because he had failed to begin a contest proceeding or because the recount statute is unconstitutional, was referable to the jurisdiction of the circuit court, where the petition for the recount was pending, and the legality of its action cannot be reviewed by a court of coordinate jurisdiction.

After the restraining order was issued by the respondent court, the circuit court ordered the commissioners to complete the recount and file their return, notwithstanding the restraining order. Thus an unseemly and intolerable situation arose in which the commissioners, seeking to perform their lawful duty, were forced to decide for themselves which court order they would obey and which they would disobey. Surely the dignity of courts and respect for their orders are not enhanced by such a situation. The commissioners quite properly obeyed the direction of the court that appointed them and from which they received their authority and their orders to conduct the recount.

But if the recount commission after appointment acted as an independent statutory administrative board, it was part of the election machinery of the State. An attempt by a court of equity to exercise jurisdiction to interfere with such an agency violates a fundamental equitable principle. It is said in the highly respected *High on Injunctions* (4th Ed.), Vol. 2, § 1312, page 1325: "No principle of the law of injunctions, and perhaps no doctrine of equity jurisprudence is more definitely fixed or more clearly established than that courts of equity will not interfere by injunction to determine questions concerning the appointment or election of public officers or their title to office, such questions being of a purely legal nature, and cognizable only by courts of law. A court of equity will not permit itself to be made the forum for determining disputed questions of title to public offices, or for the trial of contested elections, but will in all such cases leave the claimant of the office to pursue the statutory remedy, if there be such, or the common law remedy by proceedings in the nature of a *quo warranto*." See, also, 32 C. J., § 404, p. 257. And it may be said that the principle not only denies jurisdiction "to determine questions concerning the appointment or election of public officers," but that it denies jurisdiction also to prevent the determination of such questions by statutory officers or commissions. This doctrine has been recognized repeatedly by this court. *Hay* v. *White et al.* (1930), 201 Ind. 425, 169 N. E. 332; *State ex rel. Coffin* v. *Superior Court of Marion County et al.* (1925), 196 Ind. 614, 149 N. E. 174. In the Hay case it was recognized that the right to hold a public office is a privilege and not a property right, and that the rights of the claimants might be fully determined in an action at law; and in the latter case it was said that equity is

concerned only with matters of property and the maintenance of civil rights, and will not interfere for the protection of rights merely political; that civil rights are those which have no relation to the management of the government; that these latter are political rights with which equity is not concerned.

We conclude that the restraining order interfered with the order of the circuit court, and not merely with the operation of ministerial officers functioning as part of the election machinery, but that in either event the respondent court had no jurisdiction to interfere. It is not suggested that there are any authorities anywhere that support the respondents' position. That a writ of prohibition will issue from this court under such circumstances is clearly established by the cases cited and many others that might be cited.

The temporary writ heretofore issued is made permanent.

Shake, J., not participating.

NOTE.—Reported in 46 N. E. (2d) 226.