STATE EX REL. INDIANAPOLIS PRODUCE TERMINAL *v.* DAVIS, JUDGE; STATE EX REL. PRODUCERS REALTY CORP. *v.* DAVIS, JUDGE.

[Nos. 30,221 and 30,222. Filed May 21, 1962.]

*John C. O'Connor, Ruckelshaus, O'Connor & Ruckelshaus, Patrick J. Fisher,* all of Indianapolis, and *Ging & Free,* of Greenfield, for relators.

*George B. Davis, pro se.*

*Paul Rochford,* of Indianapolis, for respondent.

ARTERBURN, J.—These two above entitled cases are combined for the purpose of this decision and opinion, since they involve the same question of law and substantially the same set of facts.

In both cases the petitioners ask for a writ of prohibition against the respondent court, directing it not to proceed further in the appointment of a receiver in two causes of action: one in the case of *Paul T. Rochford* v. *Producers Realty Corp.,* No. 30537 and the other *Paul T. Rochford* v. *Indianapolis Pro-*

*duce Terminal, Inc.,* No. 30536, each pending in the Hancock Circuit Court. We issued a temporary writ in each case.

It is shown to this court that prior to the beginning of the two cases (which came to the Hancock Circuit Court on change of venue from the Marion Circuit Court) that there had previously been commenced in Marion Superior Court No. 3 on July 17, 1956, Cause No. C-20623, a suit entitled *Carl M. Geupel Construction Company* v. *Indianapolis Produce Terminal, Inc. and Producers Realty Corporation* (the named relators in each of the cases now before us) ; that at the time of the filing of the suit in the Marion Superior Court No. 3 an application was also filed for the appointment of the receiver of both of the relator concerns; that said case (as a result of a change of venue) is now pending in the Shelby Circuit Court, being Cause Number 28895 on the issue for the appointment of a receiver of each of the relator concerns.

The relators, claiming there is a conflict of jurisdiction, filed pleas in abatement with the Hancock Circuit Court where the two cases filed by Paul T. Rochford above referred to are pending and in each of which cases a receiver is also requested. The Hancock Circuit Court sustained a demurrer to each of the pleas in abatement.

The Rochford cases were each filed subsequently, namely, upon December 30, 1960. It is contended that the Shelby Circuit Court, the first court in point of time assuming jurisdiction of the subject-matter, has jurisdiction to the exclusion of the Hancock Circuit Court and all other coordinate and equal courts. This is the general principle under

which we must proceed in the consideration of the issues here.

In *State ex rel. McClure etc.* v. *Marion Sup. Ct. etc.* (1959), 239 Ind. 472, 476, 158 N. E. 2d 264, 266, it is stated:

> "The Supreme Court of this State has imposed upon it by statute the duty of determining a dispute or conflict in jurisdiction between lower courts. Burns' Annotated Statutes, §3-2201, 1946 Replacement (Supplement)."
>
> . . . . .
>
> "There is in this case without question a conflict of assumed jurisdiction between two courts of equal and coordinate powers. It is well settled in such instances that the first court assuming such jurisdiction has such jurisdiction, to the exclusion of any other equal or coordinate court. *State etc.* v. *Marion Cir. Ct. etc.* (1959), 239 Ind. 327, 157 N. E. 2d 481. *State ex rel. Montgomery* v. *Sup. Ct. etc.* (1958), 238 Ind. 664, 154 N. E. 2d 375, 376; *State ex rel. Seal* v. *Superior Court of Knox County* (1943), 221 Ind. 36, 41, 46 N. E. 2d 226."

In *Coleman* v. *Callon* (1916), 184 Ind. 204, 206, 110 N. E. 979, we stated:

> "It is conceded that both courts had authority to appoint a receiver and the question narrows down to the proposition which court had first taken jurisdiction of the matter of the appointment of a receiver. There is no question but that where two tribunals possess concurrent and complete jurisdiction of a subject-matter, and the one before which proceedings are first instituted and which thus acquires jurisdiction of the subject has the jurisdiction to the exclusion of all other tribunals." See also: *Givan, Rec.* v. *Marion Superior Court* (1934), 207 Ind. 74, 191 N. E. 144; *State ex rel. Montgomery* v. *Sup. Ct. etc.* (1958), 238 Ind. 664, 154 N. E. 2d 375.

It appears to us rather decisively that the jurisdiction of the matter before us is with the Shelby

Circuit Court, the court which first had jurisdiction of the matter of the receivership, and that jurisdiction continues with the first court until a final disposition is made thereof. 73 C. J. S. Prohibition, §11(c), p. 46; 14 Am. Jur., Courts, §243, pp. 435, 436.

The respondent claims that there is no conflict of jurisdiction unless (1) the issues triable are the same; (2) the parties in each cause are the same.

It is true the party plaintiffs are not the same in the case in the Shelby Circuit Court as in the two cases in the Hancock Circuit Court, but they both seek to seize the same property of the same defendants, and this property is the subject-matter of all the actions. A receivership proceeding concerns itself with certain specific property. It is partially an action in rem, as well as an action in personam. If two courts attempt to seize the same property, it naturally results in a conflict of jurisdiction. There are cases, therefore, although the parties may differ, where the subject matter or res is the same, which results in an unseemly conflict of jurisdiction where two courts attempt to assume control over the same property.

In 14 Am. Jur., Courts, §245, p. 438 it is said:

"It simply demands as a matter of necessity, and therefore of comity, that when the object of the action requires the control and dominion of the property involved in the litigation, that court which first acquires possession, or that dominion which is equivalent, draw to itself the exclusive right to dispose of it for the purposes of its jurisdiction."

Clark on Receivers says in this respect:

"To avoid unseemly and disastrous conflicts in the administration of our dual jurisdictional

system, and to protect the judicial process of the court first assuming jurisdiction, the principle applicable to both federal and state courts is established that where these courts have concurrent jurisdiction of suits in rem or quasi in rem, the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other. This is settled rule with respect to suits in equity for the control by receivership of the assets of an insolvent corporation." 1 Clark, The Law and Practice of Receivers §289, p. 460 (3d ed. 1958).

This authority further states:

"Furthermore, if the petition, bill or complaint shows on its face that control and possession by the court of certain property is essential in order that the court's jurisdiction may be effective, then jurisdiction of the court attaches at the time when the petition or complaint is filed and service of summons is caused to be issued. Priority of assumption of jurisdiction by entertaining proceedings which will require possession of the res determines precedence." 1 Clark, The Law and Practice of Receivers §289(c), pp. 464, 465 (3d ed. 1958).

It is interesting to note that in most, if not all cases cited and referred to in this state bearing upon the point involved, we find that the party plaintiffs in the trial court happen to be different persons in each of the cases in which it was claimed a conflict of jurisdiction existed for the appointment of a receiver of the property of the same defendant.

The respondents cite the case of *State ex rel. Rader* v. *Lake C. C., Kaul, J., etc.* (1957), 237 Ind. 273, 145 N. E. 2d 15. An examination of that case shows there was involved purely an action *in personam* between parties for an injunction with reference to the obstruction of certain drains. We found no class action

existed and the damages and injuries under the issues might differ as to each landowner. We held the issues not being the same, that no conflict of jurisdiction existed.

The respondents contend that a friendly creditor could institute an action for a receivership and never go forward in the action for the final appointment, and thus thwart the opportunity of other creditors and stockholders from asking for a receivership. We point out, however, the answer to such hypothetical is that a creditor or stockholder is not foreclosed from intervening into any pending suit for a receivership of certain property and thus prosecute the action to its final termination promptly when it is shown the action is fraudulently brought or is not in good faith. Burns' §2-222, 1946 Repl.; *Marcovich* v. *O'Brien, Auditor* (1916), 63 Ind. App. 101, 114 N. E. 100; *Town of Woodruff Place* v. *Gorman* (1912), 179 Ind. 1, 100 N. E. 296.

The temporary writ of prohibition heretofore issued in each of the above entitled cases is now made permanent.

Achor, C. J., and Jackson, Bobbitt and Landis, JJ., concur.

NOTE.—Reported in 182 N. E. 2d 589.