STATE EX REL. MILLER ET AL. *v.* SUPERIOR COURT
OF MADISON COUNTY NO. 2 ET AL.

[No. 30,725. Filed October 13, 1965.]

*Lawrence Booram,* of Anderson, for relators.

*Frank Spencer* and *Donald E. Bowen,* of Indianapolis, and *Al S. Woolbert,* of Anderson, for respondents.

PER CURIAM.—The Madison Circuit Court on January 15, 1965, pursuant to the Acts of 1959, ch. 202, §7(2) and as amended by the Acts of 1961, ch. 302, §1(2) and Acts of 1963, ch. 380, §1(2), being Burns' Ind. Stat. Anno. §28-6118 (1965 Supp.), ordered a special election upon proposed plans for the reorganization of certain school corporations in Madison County and ordered the Madison County Election Board and the clerk of the Circuit Court, as a member thereof, to hold the election on the 9th day of February, 1965. On the 8th day of February, 1965 the relators asked for a writ of prohibition in this Court against the respondent herein, the Superior Court of Madison

County No. 2, on the ground that they had been enjoined by the respondent Superior Court from holding such election as ordered by the Circuit Court. We issued a temporary writ of prohibition against the Superior Court of Madison County No. 2 to prevent it from interfering with the holding of such election and the enforcement of any contempt proceedings against the members of the Election Board. We now have before us the question of whether or not such writ should be made permanent.

The question presented seems to be simply one of whether or not the Superior Court of Madison County No. 2 may, by a temporary injunction and by the enforcement of contempt proceedings, interfere with proceedings instituted in the Circuit Court of Madison County and thereby frustrate and block such proceedings. Burns' Ind. Stat. Anno. §3-2201 (1965 Supp.) provides that the Supreme Court may issue writs of prohibition to inferior courts "to restrain and confine such inferior courts to their respective lawful jurisdiction."

Prohibition ordinarily does not lie to correct or restrict error or irregularities of a court acting directly within its jurisdiction but where, in the exercise of its normal jurisdiction, it infringes upon proceedings in another court, such conflict of jurisdiction is a matter which may be proprly presented to this Court. It is true, as argued by the respondents, that the Superior Court No. 2 of Madison County has general jurisdiction in matters of injunction, and normally has jurisdiction to issue a temporary injunction, as in this case. However, this general jurisdiction to issue a temporary injunction is limited by the statute and by the Constitution, which provides that where there is a conflict between the jurisdiction of two courts, the same may be resolved and

settled by a writ of prohibition issued out of the Supreme Court. It is obvious that the purpose of this is to avoid unseemly conflicts between two courts of coordinate jurisdiction and to create an orderly process for the settlement of litigation. 19 I.L.E. Mandate and Prohibition §164; *State ex rel. McClure* v. *Marion Superior Court* (1959), 239 Ind. 472, 158 N. E. 2d 264; *State ex rel. Indpls. Produce Terminal* v. *Davis, Judge* (1962), 243 Ind. 55, 182 N. E. 2d 589.

The respondents argue, however, that the act of the Circuit Court under the statute in ordering the election, fixing the date and giving publication thereof, is merely ministerial and not a judicial act, and therefore the action of the Superior Court in enjoining these acts ordered by the Circuit Court is not an infringement upon judicial power. To us it appears that this is an attempt to resolve the question into one of semantics. It does not go to the essence or the principle underlying the grounds for the issuance of a writ of prohibition, namely, to prevent an unseemly conflict between two courts of coordinate jurisdiction, whether the acts involved be ministerial or discretionary.

This very question was settled in *State ex rel. Seal* v. *Superior Court of Knox County* (1943), 221 Ind. 36, 41, 46 N. E. 2d 226, 227:

"But it seems to be the contention that the restraining order does not interfere with the jurisdiction of the circuit court because that court is only empowered to appoint a commission, and that when a commission is appointed its jurisdiction ends; that the commission appointed becomes an administrative board, functioning independently of any court. But whether the commission was carrying out the orders of the court in making the recount or the return, or acting as an independent ministerial part of the election machinery under the terms of the statute, is of no consequence, as in either event the respondent court

was without jurisdiction to control its actions or interfere with its function.

. . . . .

"After the restraining order was issued by the respondent court, the circuit court ordered the commissioners to complete the recount and file their return, notwithstanding the restraining order. Thus an unseemly and intolerable situation arose in which the commissioners, seeking to perform their lawful duty, were forced to decide for themselves which court order they would obey and which they would disobey. Surely the dignity of courts and respect for their orders are not enhanced by such a situation. The commissioners quite properly obeyed the direction of the court that appointed them and from which they received their authority and their orders to conduct the recount."

We feel the reasoning given in the above case is sound and should be applicable in the case before us.

The temporary writ heretofore issued is made permanent and absolute.

Jackson, C. J. concurs in result, Achor, J. not participating.

NOTE.—Reported in 210 N. E. 2d 662.