MAYS ET AL. *v.* PARKER ET AL.

[No. 567A6, 868A134. Filed June 1, 1970. Rehearing denied July 27, 1970. Transfer denied March 8, 1971.]

*Donald E. Bowen, Frank E. Spencer,* of Indianapolis, *Al. S. Woolbert,* of Anderson, for appellants.

*Riley M. Sharp,* of Elwood, *Lawrence Booram,* of Anderson, for appellees.

SHARP, J.—This cause was initiated by Appellants to challenge the legality of certain procedures taken in the formation of the proposed Elwood Community School Corporation. The two separate appeals arising from the same action below have been consolidated here. The Complaint for Injunction was filed in the Madison Circuit Court on March 11, 1965.

In this complicated case it is necessary to fully review the significant history therein before moving to a discussion of the issues involved. The Complaint for Injunction named as defendants the Madison County Committee For the Reorgan-

ization of School Corporations and its members, the State Commission for the Reorganization of School Corporations of The State of Indiana and its members, the Director of the State Commission, and Carl T. Smith as Judge of the Madison Circuit Court. Omitting formal captions, the Complaint for Injunction reads as follows:

"Come now the Plaintiffs in the above-entitled cause, and for cause of action allege and say:

1. That the plaintiffs Denver Mays, Newell Merrill, Anita Hanson, Lester Sigler, F. Gleland Henderson, and Tom Wilson are residents, school patrons and taxpayers in the County of Madison, State of Indiana, and within the proposed boundaries of the proposed school corporation district set forth hereinafter in rhetorical paragraph numbered 4, and referred to as the Elwood Community School Corporation:

That the plaintiffs Vincent Norris, Howard Bouslog, Gerald Gibson, Charles Imel, Jerry Lawson, Maxine Elliott, Loren Pike, Robert E. Julian, Harold Marsh, Paul Hoppess and John Van Meter are residents, school patrons and taxpayers in the County of Madison, State of Indiana, and within the Metropolitan School District of Central Madison County, Indiana:

That the Plaintiff Metropolitan School District of Central Madison County, Indiana, is a consolidated school corporation duly incorporated under the laws of the State of Indiana, including the School Corporation Reorganization Act of 1959, (Chapter 202 of the Acts of 1959, as amended, and Ch. 226 of Acts of 1949, as amended) and at all times mentioned herein said school corporation has included geographical areas wholly within Madison County, State of Indiana, and geographical areas wholly within the geographical area included in the purported plan for the reorganization of schools in Madison County, purportedly approved by the defendant Madison County Committee for the Reorganization of School Corporations and its members, and the defendant State Commission For The Reorganization of School Corporations of the State of Indiana, and its members, parts of which plan were submitted to the voters of Madison County heretofore on February 9, 1965:

That the plaintiff Metropolitan Board of Education of the Metropolitan School District of Central Madison County, Indiana, is a legal entity acting for and in behalf of the

Metropolitan School District of Central Madison County, and its members are Clark N. Burns, Raymond Poor, Waldo Canaday and Verl Miller, plaintiffs herein as said members.

2. That the defendants James Craig, Charles Bates, A. H. Baumgartner, Clark Burns, G. E. Ebbert, Robert C. Miller, Joe Whistler, Weldon Shickley and Victor Evans are members of and constitute the defendant Madison County Committee for the Reorganization of School Corporations, hereinbefore and hereinafter referred to as the County Committee:

That the defendants Bryce Bottom, Jean Pilot, William E. Wilson, John J. Dillon, Herbert Holmes, Chester Biddle, William Chambers, J. Preston Moody, and L. F. Miller, are and were at all times mentioned herein members of and constituted the defendant State Commission for the Reorganization of School Corporations of the State of Indiana, hereinafter referred to as the State Commission, with the exception of John J. Dillon, who, having become Attorney General of Indiana, by operation of law replaced Edwin K. Steers as a member of said State Commission in January, 1965:

That the defendant J. B. Kohlmeyer is and was at all times mentioned herein the Director of the State Commission for the Reorganization of School Corporations of the State of Indiana:

That the defendant the Honorable Carl T. Smith, is and was at all times mentioned herein the duly elected, qualified and serving Judge of the Circuit Court of Madison County.

3. That the defendants County Committee and its members and the defendants State Commission and its members have purported to approve a plan for the reorganization of schools for Madison County, Indiana, that purports to dissolve said Metropolitan School District of Central Madison County, Indiana, and the Metropolitan Board of Education of the Metropolitan School District of Central Madison County, Indiana, by the terms and provisions of said purported plan.

4. That the defendant the Honorable Carl T. Smith, as Judge of the Circuit Court of Madison County, on January 15, 1965, in *ex parte* proceedings purportedly in the Madison Circuit Court, entered and issued four (4) orders to the Madison County Election Board, each of said orders concerning and referring to one of the following proposed new community school corporations proposed in said plan for the reorganization of schools for Madison County, Indiana, to

wit: Anderson Community School Corporation, South Madison Community School Corporation, West Central Community School Corporation, and Elwood Community School Corporation; and each of said orders reciting as the basis for the issuance thereof the receipt by said Judge of "a communication from the State Commission for the Reorganization of School Corporations approving the plans of the Madison County Committee for the Reorganization of School Corporations" for the named proposed community school corporation.

5. That the records of the said proceedings above referred to in rhetorical paragraph numbered 4 do *not* contain any statement or finding of fact that any plan had been received at any time by the Chairman of the Madison County Committee for the Reorganization of School Corporations, nor do said records contain any statement or finding of fact that no certification was established in the office of the Clerk of the Madison Circuit Court and returned to the county committee.

6. That in spite of the lack of statutory conditions precedent as provided in the Acts of 1959, Ch. 202, Sec. 7(1) & (2), as amended, (and as found in Burns, (1964 Supp.), Sec. 28-6117 and Sec. 28-6118), that the plan for reorganization of school corporations had been received by the chairman of the county committee, and that no certification as to a petition filed pursuant to the provisions of the Acts of 1959, ch. 202, Sec. 7(1) was received by the county committee from the Clerk of the Madison Circuit Court, the said orders issued by the defendant Judge of the Circuit Court of Madison County purported to call a special election of the registered voters residing within the boundaries of each of the proposed community school corporations as stated hereinabove in rhetorical paragraph numbered 4, to be held on February 9, 1965.

7. That each of said four special elections, all of which were based upon said plan hereinabove referred to in rhetorical paragraph numbered 3 of this complaint, were held on February 9, 1965.

8. That the defendant County Committee appointed under the provisions of the Acts of 1963, ch. 381, Sec. 1, which amended Acts of 1959, ch. 202, Sec. 5, as lasted amended by Acts of 1961, ch. 231, Sec. 1, was wholly without power to dissolve any school corporation duly formed under the provisions of Chapter 202 of the Acts of 1959, as amended by Acts of 1961 and 1963, including plaintiff Metropolitan

School District of Central Madison County, Indiana, and its Board, which came into being by the act of the State Commission pursuant to the power given said State Commission by said Acts of 1959, Ch. 202, Sec. 10, (as found in Burns, 1964 Supp., Sec. 28-6121); and their is no authority whatsoever granted to the State Commission to dissolve any such consolidated school corporation as said plaintiff which it had created by its approval pursuant to said Section 10, nor to approve and provide for its dissolution.

9. That the actions of the defendants State Commission and its members and the defendants County Committee and its members in purportedly approving said plan for the reorganization of schools of Madison County, Indiana, were illegal, in excess of their jurisdiction and authority, and said proposed plan and the proposed community school corporations and districts therein are and were null and void and of no effect because of and in the following specific particulars, to wit:

(1) That the defendant State Commission by Minutes dated July 7 and August 27, 1964, notice of which August 27 meeting was not sent to James Craig, Chairman of the Madison County Committee until September 1, 1964, purported to approve particular units of the Madison County Plan without having on file a final comprehensive plan filed by the County Committee as required by the provision of the Acts of 1959, ch. 202, Sec. 5(2) and Sec. 6(3), as amended, there being no final comprehensive plan filed by the County Committee as required by the provisions of the Acts of 1959, ch. 202, Sec. 5(2) and Sec. 6(3), as amended, there being no final comprehensive plan which provided for the incorporation of all the areas of the county into one or more administrative units which can provide an efficient and adequate educational program for grades one through twelve and which meet the minimum standards adopted by the State Commission.

(2) That there has been no approval by the State Commission of a final comprehensive plan for Madison County as provided by the Acts of 1959, Ch. 202, as amended.

(3) That the only purported final comprehensive plan for Madison County is one dated June 13, 1964, which was completed prior to the purported approval by the State Commission of Unit V, amended, constituting the proposed Elwood Community School Corporation.

(4) That Sec. 1 of Ch. 377 of the Acts of 1963 is unconstitutional insofar as it amends Ch. 202, Acts of 1959, Sec.

6 (3) (d) and (e) to purport to provide that merely upon the giving of a written order by the State Commission to the County Committee stating that "for a specified geographical area, the meeting of" minimum standards formulated and adopted by the State Commission "would not be feasible", the County Committee is authorized to file and the State Commission is authorized to approve, community school corporations which do *not* meet the *Minimum* standards, one of which minimum standards, by the provisions of said law, is that "all the pupils in grades one (1) through twelve (12)" be thereby furnished "efficient and adequate educational opportunity"; that said amendment in effect purports to give to the State Commission the power to vary and change *minimum standards* in each individual case, *below* the *minimum* already determined pursuant to the declared *policy* of the General Assembly in Section 1 of the Acts of 1959, without any other basis for such action than an order by the State Commission in effect that it is not practical in the particular case to provide for a community school corporation which *will* be in furtherance of the declared legislative policy of the State of Indiana:

"That the establishment and maintenance of a general, uniform and efficient system of public schools is the traditional and current policy of the State of Indiana; that improvement in the organization of school corporations of the state will provide a more equalized educational opportunity for public school pupils, will achieve greater equity in school tax rates among the inhabitants of the various now existing school corporations, and will provide a more effective use of the public funds expended for the support of the public school system; **** that local electors have an interest in the boundaries of the school corporation in which they reside and will exercise their privileges, as herein provided, to the end of establishing an efficient and economical reorganization plan best suited to local conditions; * * * *"

as set forth in said Section 1, Acts of 1959, Ch. 202; and that said amendment to said attempted extent is an unconstitutional and unlawful delegation of legislative power to the State Commission in violation of and contrary to the provisions of Article 8, Section 1, Article 3, Section 1 and Article 4, Section 1, of the Constitution of the State of Indiana.

(5)    That the proposed Unit V, attempting to provide for the Elwood Community School Corporation, as purportedly

approved by the State Commission does not and did not at any time mentioned herein meet the minimum standards provided, formulated and adopted by the law for all proposed reorganized school corporations.

(6)    That even if said Section 1 of Chapter 377 of the Acts of 1963 insofar as it amends Ch. 202, Acts of 1959, Sec. 6(3) (d) and (e) is constitutional, which plaintiffs do not concede, no written order, that for a specified geographical area (relating to a proposed Elwood Community School Corporation) the meeting of such minimum standards would not be feasible, was given by the State Commission to the County Committee, after a conference arranged by the State Commission and the County Committee, and prior to the plan by the County Committee to the State Commission; and the County Committee purported to make amendments to the plan without further public hearings, even though it had not received such an order from the State Commission.

(7)    That the County Committee and its members acted arbitrarily, capriciously and illegally in the purported formulation of the plan for reorganization of school corporations in Madison County, without observance of procedures required by law, and without the holding of meetings of the County Committee as required by law, in the following particulars, to-wit:

(A)    That no notice, either oral or written, was given to A. H. Baumgartner, Clark Burns and Victor Evans, the said Evans being a statutory member of said Committee as the County Superintendent of Schools, of the meeting held by said County Committee on August 17, 1964, at Elwood High School, Elwood, Indiana.

(B)    That at said meeting the "County Committee" purported to submit to a "hearing" the "plan submitted as Unit V in the Final Comprehensive Plan for Madison County", although there were only two members of the County Committee present, the same being Robert Miller and Weldon Shickley, and according to the "minutes" of said "meeting", signed at a later date by the Secretary, Joe Whistler, who did not attend the "meeting", defendant member Robert Miller, acting as "chairman" explained to the people present that "The area included in this Unit V was actually decided in Indianapolis by the State Commission about 10 days ago."

(8)    That the State Commission was wholly without power to approve any final comprehensive plan in Madison County

without either the completed lawful action of the County Committee in presenting a final comprehensive plan, prior thereto, or a failure or refusal of the County Committee to present a plan; and when the defendant State Commission arbitrarily decided the area to be included in Unit V it did not have before it a comprehensive plan lawfully adopted and proposed by the County Committee as provided by law.

(9) That the purported final approval by the State Commission of Unit V and the purported comprehensive plan of Madison County was attempted on August 27, 1964, at a "meeting" of said State Commission attended only by members Bottom, Biddle, Holmes and Moody, and the vote taken was a vote of less than a majority of the members of said State Commission.

(10) That Victor Evans, member of said County Committee, received no notice, or, written or otherwise, of the meetings of the County Committee, including the meeting of August 17, 1964, at the Elwood High School.

(11) That the State Commission disapproved Unit V as proposed by the County Committee, and the County Committee did not then hold a meeting as required by law to approve an amended plan for Unit V.

10. That there were irregularities in said special elections in this: That registration of voters was open and permitted up to the day before said special election; that the Clerk of the Circuit Court or Board of Registration did not have prepared not later than ten days prior to said special elections, typewritten lists of registered voters for each precinct in said district; that no ballots were available for use in said special elections by any electors expecting to be absent from the county on said day said special election was held.

11. That said special elections were void, and said proposed community school corporations and districts, and their creation, were ineligible to be submitted to the registered voters in said special elections on February 9, 1965, because no valid call was issued and made for said special election by the Judge of the Circuit Court of Madison County pursuant to the provisions and conditions precedent as set forth in the Acts of 1959, Ch. 202, Section 7(2) as amended, and as found in Burns 1964 Supp., Section 28-6118.

12. That the defendant the Honorable Carl T. Smith, will, unless enjoined, purport to appoint, as of July 1, 1965, members of an interim board of trustees for the proposed Elwood Community School Corporation and members of an

interim board of trustees for the proposed South Madison Community School Corporation, and will purport therby to authorize such appointees to act for and in behalf of said proposed community school corporations which will not lawfully come into being at said date.

13.   That the defendants County Committee and its members, will, unless enjoined, purport to interfere with and assert power to restrict the power and authority of the plaintiffs Metropolitan School District of Central Madison County, Indiana, and the Metropolitan Board of Education of the Metropolitan School District of Central Madison County, Indiana, to contract and incur obligations except upon written approval of the said defendants County Committee and its members.

14.   That by reason of the premises the plaintiffs have no adequate remedy at law and will suffer great damage and irreparable injury unless the injunctions herein prayed by issued; that the plaintiffs Metropolitan School District of Central Madison County, Indiana, and the Metropolitan Board of Education of the Metropolitan School District of Central Madison County, Indiana, will, by the actions of such purported interim board of trustees, and the County Committee, be partly destroyed and dissolved, losing great assets pursuant to the provisions of said purported plan or reorganization of school corporations, and will have its powers and duties to contract and incur obligations impinged upon, restricted and destroyed; and that by the actions of such purported interim board of trustees and County Committee, the rights and status of the other plaintiffs who are residents, school patrons and taxpayers will be materially changed, as will their school districts and tax burdens.

WHEREFORE, plaintiffs pray and ask that the defendant the Honorable Carl T. Smith, Judge of the Circuit Court of Madison County, be enjoined from appointing or purporting to appoint members of an interim board of trustees for the proposed Elwood Community School Corporation and members of an interim board of trustees for the proposed South Madison Community School Corporation; and plaintiffs further pray and ask that the defendants County Committee and its members be enjoined from interfering with and asserting power to restrict the power and authority of the plaintiffs Metropolitan School District of Central Madison County, Indiana, and the Metropolitan Board of Education of the Metropolitan School District of Central Madison County, Indiana, to contract and incur obligations;

and plaintiffs further pray and ask that any persons who may hereafter claim to be appointed as an interim board member of the board of school trustees of either the proposed Elwood Community School Corporation or the proposed South Madison Community School Corporation, be joined herein as parties defendant upon filing of supplemental complaint(s) to that effect by plaintiffs, and the issuance of summons to such persons by this Court, and that such defendants also be enjoined from purporting to exercise authority and power as a member of such purported board of school trustees, and from interfering with the territorial area, assets and powers of the plaintiffs Metropolitan School District of Central Madison County, Indiana, and the Metropolitan Board of Education of the Metropolitan School District of Central Madison County, Indiana, and for all other relief just and proper in the premises."

The Complaint for Injunction was filed within the statutory period after the Special Election as provided by Acts of 1959, ch. 202, § 7(2), the same being Burns Indiana Statutes Annotated, § 28-6118. The Special Election was held on February 9, 1965, and the Elwood Community School Corporations were approved by the electorate of Madison County.

After the regular judge of the Madison Circuit Court, Carl T. Smith, as a named defendant, disqualified himself on April 22, 1965, Honorable Frank Fisher of the Vermillion Circuit Court was appointed and qualified as Special Judge. Thereafter, on May 25, 1965, Plaintiff-Appellants' Motion for Change of Venue was granted; venue was ordered to the Henry Circuit Court. On June 18, 1965, Plaintiff-Appellants were granted a Temporary Restraining Order which restrained the defendant Judge Carl T. Smith, Judge of the Circuit Court of Madison County, from appointing or purporting to appoint members of an interim board of trustees for either the proposed South Madison Community School Corporation or the proposed Elwood Community School Corporation. Other defendants were restrained from interfering with and asserting power to restrict the power and authority of the Plaintiff-Appellants Metropolitan School District of Central Madison County, Indiana, and the Metropolitan Board of Ed-

ucation of the Metropolitan School District of Central Madison County, Indiana, to contract and incur obligations. The Temporary Restraining Order was sought by Plaintiff-Appellants because the proposed school corporations would come into existence on July 1, 1965, and unless restrained would be involved in school administration of the same geographical areas as the Plaintiff-Appellants. Defendants' Motion to Dissolve Temporary Restraining Order was taken under advisement, after argument, on June 30, 1965, and Plaintiff-Appellants' Petition for Injunction was continued at that time. Also, on June 30, 1965, Appellee Judge Carl T. Smith named an Interim Board of School Trustees for the Elwood Community School Corporation, in apparent violation of the Temporary Restraining Order granted by the Henry Circuit Court on June 18, 1965.

On July 1, 1965, Plaintiff-Appellants were permitted to file their Supplemental Complaint, naming the newly appointed members of the Interim Board of School Trustees for the Elwood Community School Corporation, the five Appellees herein in addition to Honorable Carl T. Smith. That Supplemental Complaint reads as follows:

"Come now the plaintiffs in the above-entitled cause, and for supplemental complaint allege and say:

1. That subsequent to the filing of the complaint in the above-entitled cause, to-wit: on June 30, 1965 the Defendant Carl T. Smith purported to appoint the following persons of a purported board of school trustees of the proposed Elwood Community School Corporation: Charles B. Parker, Mark Noble, Kenneth Harting, Jr., Wilfred Shaw and Lowell M. Butcher.

2. That the said Charles B. Parker, Mark Noble, Kenneth Harting Jr., Wilfred Shaw and Lowell M. Butcher claim to be appointed as members of the board of trustees of the proposed Elwood Community School Corporation, and will, unless restrained and temporarily enjoined by this Court, interfere with the territorial area, assets and powers of the plaintiffs Metropolitan School District of Central Madison County, and the said Metropolitan Board of Education of the Metropolitan School District of Central Madison

County, the area of the proposed Elwood Community School Corporation, on and after July 1, 1965.

WHEREFORE, Plaintiffs pray and ask that the Defendants Charles B. Parker, Mark Noble, Kenneth Harting, Jr., Wilfred Shaw and Lowell M. Butcher be each restrained and temporarily enjoined by this Court until Plaintiff's complaint for injunction is finally determined by this Court, from purporting to exercise authority and power as a member of the purported board of school trustees to the Elwood Community School Corporation and from interfering with the territorial area, assets and powers of the Metropolitan School District of Central Madison County, Indiana, and the Metropolitan Board of Education of the Metropolitan School District of Central Madison County; and for all other relief just and proper in the premises."

The Henry Circuit Court temporarily restrained said Defendant-Appellees from attempting and purporting to exercise authority and power as members of the board of school trustees of the Elwood Community School Corporation, and from interfering with the territorial area, assets, and powers of the Plaintiff-Appellant school corporations, by Order issued July 2, 1965.

On September 9, 1966, the Defendant-Appellees named in the Supplemental Complaint filed their Plea in Abatement to said Supplemental Complaint, and on December 15, 1966, Defendant-Appellees filed their Motion for Change of Venue. This latter motion was granted and the cause venued to the Fayette Circuit Court.

On February 14, 1967, in the Fayette Circuit Court, from which this appeal comes, Plaintiff-Appellants moved the court to dissolve their Temporary Restraining Order theretofore issued by the Henry Circuit Court against the Defendant-Appellees named in the Supplemental Complaint. This motion was granted by the trial court. Thereafter Plaintiff-Appellants' demurrer to Defendant-Appellees' Plea in Abatement was sustained with leave for the defendants to amend. Their Amended Plea in Abatement was filed on February 27, 1967, and Plaintiff-Appellants' Motion to Strike Amended Plea in

Abatement was sustained on March 23, 1967. On that date the Defendant-Appellees filed their Motion to Dismiss, which was sustained on May 5, 1967, and resulted in this appeal as to the five Defendant-Appellees named in the Supplemental Complaint of July 2, 1965, and who are the five members of the Interim Board of Trustees of the Elwood Community School Corporation appointed by the Appellee Judge Carl T. Smith on June 30, 1965.

The second appeal herein is from the further proceedings against the original defendants of the March 11, 1965, Complaint for Injunction. Following an unsuccessful appeal by the Plaintiff-Appellants to the Supreme Court of Indiana on the question of the denial of their Motion for Change of Venue from the Fayette Circuit Court [*State ex rel. Denver Mays etc.* v. *Fayette Circuit Court,* 250 Ind. 205, 235 N. E. 2d 706 (1968)] a pre-trial conference was held. Defendant-Appellee Judge Carl T. Smith, as Judge of the Circuit Court of Madison County, was ruled to Answer on or before May 15, 1968, as were other party defendants who had not previously Answered. On May 15, 1968, the Defendant-Appellee Judge Carl T. Smith filed his "Disclaimer of Interest" reciting that ministerial acts were performed by him as Judge of the Madison Circuit Court according to Acts of 1959, Ch. 202, known as the School Corporation Reorganization Act of 1959, as amended, that these acts had already been performed and that there remained nothing further for him to do under his judicial duties in the instant case, and that he disclaimed any interest as a party in the cause of action.

In response to Defendant-Appellee Smith's Disclaimer the Plaintiff-Appellants on July 12, 1968, filed their Motion for Finding and Judgment Against Carl T. Smith for the reason that he had declined to file an Answer and had merely Disclaimed. On July 15, 1968, the Plaintiff-Appellants dismissed their action against all the remaining defendants, but continued to seek a Finding and Judgment against the Defendant-Appellee Carl T. Smith. The trial court offered to hear evi-

dence against Judge Carl T. Smith, and the defendant offered to produce evidence in rebuttal. However, the Plaintiff-Appellants refused to present any evidence and again demanded a Finding and Judgment. Thereupon, the trial court rendered judgment on the pleadings against the Plaintiff-Appellants on their Complaint and Supplemental Complaint, and for the Defendant-Appellee Judge Carl T. Smith. Appellants appeal from this judgment.

There are Motions to Dismiss this appeal filed by both the five Defendant-Appellees named in the Supplemental Complaint, and the Appellee Judge Carl T. Smith. These Motions to Dismiss were ordered by this Court to be held in abeyance until the final determination of this appeal.

Defendant-Appellees Charles B. Parker, Mark Noble, Kenneth Harting, Jr., Wilfred Shaw and Lowell M. Butcher raise in their Motion to Dismiss the question of whether or not there was a judgment against them which is appealable at this time. Following the filing of these Appellees' Motion to Dismiss, the cause in the trial court was dismissed, as noted above, to all the other defendants but the Appellee Judge Carl T. Smith. Any question, therefore, concerning the prematureness of this appeal is moot, and this Motion to Dismiss must be denied.

The Motion to Dismiss of the Appellee Judge Carl T. Smith contends that the Fayette Circuit Court, being a court of concurrent jurisdiction, is without jurisdiction to interfere with his act as Judge of the Madison Circuit Court in appointing the Interim Board of Trustees of the Elwood Community School Corporation. Appellee's position is imminently correct, and his Motion to Dismiss must be, and is, sustained.

As mentioned above, the Temporary Restraining Order of June 18, 1965, restrained Appellee Smith from appointing or purporting to appoint an Interim Board of Trustees for the Elwood Community School Corporation. This was issued in the Henry Circuit Court, and Plaintiff-Appellants would seek

to enforce same wherever the cause was properly venued. On June 30, 1965, Appellee Smith, as required by statute to do, appointed such an Interim Board, in seeming violation of the Temporary Restraining Order against him. This conflict between courts of concurrent jurisdiction cannot be tolerated. In *State v. Superior Court of Madison County No. 2*, 246 Ind. 698, 210 N. E. 2d 662 (1965), our Supreme Court prohibited the Superior Court of Madison County, Room 2, from interfering with the actions of the Circuit Court of Madison County in setting a special election. That special election was the election which approved the proposed school corporations before this Court in this appeal. In granting the writ of prohibition the Court spoke specifically of the important policy the Court was enforcing:

"**** It is true, as argued by the respondents, that the Superior Court No. 2 of Madison County has general jurisdiction in matters of injunction, and normally has jurisdiction to issue a temporary injunction, as in this case. However, this general jurisdiction to issue a temporary injunction is limited by the statute and by the Constitution, which provides that where there is a conflict between the jurisdiction of two courts, the same may be resolved and settled by a writ of prohibition issued out of the Supreme Court. *It is obvious that the purpose of this is to avoid unseemly conflicts between two courts of coordinate jurisdiction and to create an orderly process for the settlement of litigation.* (Citations)

The respondents argue, however, that the act of the Circuit Court under the statute in ordering the election, fixing the date and giving publication thereof, is merely ministerial and not a judicial act, and therefore the action of the Superior Court in enjoining these acts ordered by the Circuit Court is not an infringement upon judicial power. To us it appears that this is an attempt to resolve the question into one of semantics. It does not go to the essence or the principle underlying the grounds for the issuance of a writ of prohibition, namely, to prevent an unseemly conflict between two courts of coordinate jurisdiction, whether the acts involved be ministerial or discretionary.

This very question was settled in *State ex rel. Seal v. Superior Court of Knox County* (1943), 221 Ind. 36, 41, 46 N. E. 2d 226, 227, 228:

'But it seems to be the contention that the restraining order does not interfere with the jurisdiction of the circuit court because that court is only empowered to appoint a commission, and that when a commission is appointed its jurisdiction ends; that the commission appointed becomes an administrative board, functioning independently of any court. But whether the commission was carrying out the orders of the court in making the recount or the return, or acting as an independent ministerial part of the election machinery under the terms of the statute, is of no consequence, as in either event the respondent court was without jurisdiction to control its actions or interfere with its function.

\* \* \* \* \*

'After the restraining order was issued by the respondent court, the circuit court ordered the commissioners to complete the recount and file their return, notwithstanding the restraining order *Thus an unseemly and intolerable situation arose in which the commissioners, seeking to perform their lawful duty, were forced to decide for themselves which court order they would obey and which they would disobey. Surely the dignity of courts and respect for their orders are not enhanced by such a situation.* The commissioners quite properly obeyed the direction of the court that appointed them and from which they received their authority and their orders to conduct the recount.' " 246 Ind. at page 669, 210 N. E. 2d at page 664. (Emphasis supplied)

Under the above authority we hold that the Circuit Court of Henry County had no jurisdiction to enter a Temporary Restraining Order against Appellee Judge Carl T. Smith as Judge of the Madison Circuit Court, and therefore the decision of the Fayette Circuit Court in finding for the Appellee Carl T. Smith on the pleadings was proper. The appeal is dismissed as to Honorable Carl T. Smith, Judge of the Madison Circuit Court.

The Appellees named in the Supplemental Complaint have chosen not to file an Answer Brief. As such, it is the duty of this Court to reverse if the Appellants have presented a prima facie case of error below.

In the case of *Meadows* v. *Hickman*, 225 Ind. 146, at pages

146-147, 73 N. E. 2d 343, at pages 343-344 (1947), our Supreme Court of Indiana said:

> "This is an appeal from the Circuit Court of Shelby County from an interlocutory order appointing a receiver. Appellees have not filed a brief in support of the judgment of the trial court. This court has well said:
>
> " 'The neglect of an appellee to file a brief controverting the errors complained of by an appellant may be taken or deemed to be a confession of such errors, and the judgment may accordingly be reversed, and the cause remanded without prejudice to either party. This rule was not declared in the interest of an appellant, but for the protection of the court, in order to relieve it of the burden of controverting the arguments and contentions advanced for reversal, which duty properly rests upon counsel for the appellee.' *Miller* v. *Julian* (1904), 163 Ind. 582, 584, 72 N. E. 588, 589.
>
> "Again it has been said:
>
> " 'Another cogent reason for invoking this rule is that the time of the court should be devoted to cases that are properly briefed. Litigants who are making a good-faith effort to help the court should not be delayed while this court attempts to perform the duties of counsel.' *Roth* v. *Vandalia R. Co.* (1918), 187 Ind. 302, 119 N. E. 1.
>
> "See also *Deatrick* v. *Lawless* (1923), 193 Ind. 327, 139 N. E. 587; *City of Shelbyville* v. *Adams* (1916), 185 Ind. 326, 114 N. E. 1; *Brown* v. *State* (1915), 184 Ind. 254, 108 N. E. 861, 111 N. E. 8; *Burroughs* v. *Burroughs* (1913), 180 Ind. 380, 103 N. E. 1.
>
> "The rule herein announced is not for the benefit of the appellants but for the protection of the court and whether it shall be invoked is discretionary with the court.
>
> "The rule will not be invoked unless the appellants' brief makes an apparent or prima facie showing of reversible error."

When reviewing the sustaining of a Motion to Dismiss below the question before us is whether or not the Supplemental Complaint which names the remaining Appellees possibly be amended to state a cause of action against them. See *Wright* v. *Kinnard,* 144 Ind. App. 302, 245 N. E. 2d 844 (1969), and the authorities cited therein.

In *Phillips* v. *Stern,* 145 Ind. App. 628, 252 N. E. 2d 267, 276 (1969), (rehearing and transfer denied), this Court interpreted the Acts of 1959, Ch. 202, § 7(2), as amended, same being Burns' Indiana Statutes Annotated § 28-6118:

> "Appellants filed this action below on the thirtieth day following the election. The question then arises as to whether it was the intent of the General Assembly to provide the remedies of declaratory judgment and injunction for contesting the creation and formation of a community school corporation, if such remedies are timely pursued (on or before the thirtieth day following the election). Although the statute does not so expressly provide, we feel that such was the intent of the General Assembly."

Burns' Indiana Statutes Annotated, § 28-6118, in pertinent part, reads as follows:

> "No action to contest the validity of the formation or creation of a community school corporation under the provisions of this subsection (2) of this section 7, to declare that it has not been validly formed or created or is not validly existing, or to enjoin its operation shall be instituted at any time later than the thirtieth day following such election."

In *Phillips* v. *Stern, supra,* the plaintiff-Appellant filed an action for both a declaratory judgment and an injunction, and this Court affirmed the sustaining of a demurrer to the complaint. In *Wright* v. *Kinnard, supra,* as in the case at bar, this court reviewed the sustaining of defendant-Appellee's Motion to Dismiss and we found the original declaratory judgment complaint could be amended to state a good cause of action.

However, here the Appellants seek only an injunction, and not an injunction and declaratory judgment. In reviewing the numerous appellate decisions challenging school reorganizations, only one such case has sought solely injunctive relief: *Good* v. *Western Pulaski County Sch. Corp.,* 139 Ind. App. 567, 210 N. E. 2d 100 (1966); transfer denied, 247 Ind. 699, 220 N. E. 2d 274. In *Good* this Court specifically approved the trial court's refusal to render judgment on the legal question

of the de jure existence of the defendant school corporation, saying at page 569 of 139 Ind. App.:

> "The court properly did not render judgment on the affirmative answers alleging the de jure existence of the defendant, Western Pulaski School Corporation, since the determination of the de jure existence of a municipal corporation or title to office is not properly recognizable in a suit of equity. *State ex rel. McClure etc.* v. *Marion Sup. Ct. etc.* (1959), 239 Ind. 472, 158 N. E. 2d 264; *Landes* v. *Walls* (1903), 160 Ind. 216, 66 N. E. 679; *Felker* v. *Caldwell* (1919), 188 Ind. 364, 123 N. E. 794; *Parsons et al* v. *Durand* (1898), 150 Ind. 203, 49 N. E. 1047."

The issues dealt with in *Good* which were relied upon for reversing the refusal of the trial court to issue an injunction were reviewed from the standpoint that the new defendant school corporation was not operable and not capable of becoming operable because the defendant school corporation was unalterably tied to a plan of action in combination with another new school corporation. The other corporation had failed to win voter approval and clearly never came into existence. This court held the defendant school corporation was not then capable of operation by itself as the plan had not provided for the contingency of one new school corporation failing to come into existence. While the decision in *Good* was based upon its injunctive aspects in equity, the Court, having made its decision, went on to clarify for the parties matters of law as to the formation procedures followed in organizing the defendant school corporation. The Supreme Court in denying transfer recognized this distinction, and based its denial of transfer upon those grounds.

Applying the lessons of *Good,* and reading the pertinent part of the statute dealing with injunctions, that no action shall be brought "to enjoin its operation", it appears clear that no action for an injunction alone may be brought to declare the absence of de jure existence of a newly reorganized school corporation.

In challenging the legal existence of a proposed school corporation under the Reorganization Act of 1959 (Acts of 1959, Chapter 202), the purpose of an injuction in a suit filed AFTER the Special Election is to enforce a decision at law regarding the legal efficacy of such proposed corporation. Its purpose is to prohibit an act contrary to law. Also, AFTER the Special Election a suit for injunctive relief may be brought to enjoin its operation if the proposed corporate plan is not capable of being put into effect, but not to challenge its legal existence alone. See *Good, supra.* Likewise, during the formation stages of a proposed school corporation, an injunction will lie to prevent the incorporating parties from wavering from the mandatory statutory procedure BEFORE the Special Election. See *Phillips* v. *Stern, supra.*

The reason for these differentiations in the uses of the injunctive procedure stems from the fact that AFTER the Special Election all that remains for the coming into existence of the newly created school corporation is the passage of time. Time is impossible to enjoin, and this Court will not create a legal fiction to produce such an illusion at law. To allow an injunction alone AFTER the Special Election to prevent the newly approved school corporation from assuming existence would be to create such a fiction. Rather, the corporation will be allowed to come into existence and have that legal existence be squarely tested in a suit at law under the statutory procedure and the applicable cases. See *Phillips* v. *Stern, supra,* for appropriate guidelines and limitations.

Having found Appellants' Complaint for Injunction fails to state a claim upon which relief can be granted as it presently stands, we now turn specifically to the question of whether said complaint can be amended to state a valid claim. Two issues are presented.

The Motion to Dismiss below appears to have been granted because Appellants named the Defendant-Appellees as individual defendants and not as members of the Interim Board of

School Trustees of the Elwood Community School Corporation. Appellants so admitted in their demurrer to the Appellees' Amended Plea in Abatement. In their Motion to Dismiss below the Appellees claimed that as individuals they had no interest adverse to that of Appellants, and that any suit against them must be in a representative capacity. Appellants responded below and contend here that to sue the Appellees in a representative capacity as members of the Interim Board would be to recognize the legal existence of such Interim Board, inconsistent with their contention that the Elwood Community School Corporation never came into legal existence.

The problem of misnomers of capacity in suits involving governmental representatives has in the past plagued the bench and bar of Indiana. See Harvey, *Indiana Practice,* Vol. 2, p. 252, Civil Code Study Commission Comments 19(F). Prior decisions concerning this problem, as noted in the Comments cited above, have become so contradictory and confusing as to serve no meaningful guideline. However, Trial Rules 19(F), 21(A) and 15(C), *Indiana Rules of Procedure,* succinctly provide an answer to this dilemma and due to the absence of any clear precedent under prior procedure, we apply the above-mentioned Rules of Procedure in this instance. Trial Rule 19(F) reads as follows:

"(F)  Governmental organizations and representatives thereof as parties. Suits by or against a governmental organization or governmental representative relating to the acts, power or authority of such organization or representative, including acts under purported power or authority or color thereof by such organization or representative, shall be governed by this provision.

(1)   Suits by or against a governmental organization or against a representative in his official capacity shall be brought in the name of the governmental organization. Suits naming a governmental representative by his official title or by his name along with his official title shall be deemed to name and include the governmental organization which he represents, and suits naming an unofficial branch, office or unit of a governmental organization

shall be deemed to name and include the governmental organization of which it is a part; but the court upon its own motion or the motion of any party may require the omitted and proper governmental organization to be included at any time.

(2) Other government organizations and governmental representatives of the same or other governmental organizations may be joined or made parties to suits in which a governmental organization is named as a party in accordance with the provisions of these rules relating to parties. *Failure to name, or improper naming of a governmental organization or a governmental representative shall be subject to the provisions of these rules relating to parties.*

(3) A judgment for or against a governmental organization shall also bind affected or successive representatives of such organization. When a governmental representative is named as a party in his individual name or in his individual name along with his official title, the judgment, in an appropriate case, may bind him in his individual capacity, but no judgment against him in his individual capacity shall be rendered against him unless he is so named. No action against a governmental organization or against a governmental representative in his official capacity shall be abated, affected or delayed because of the death, incapacity or replacement of a named or unnamed governmental representative, or because of the fact that the name, functions or existence of the governmental organization have been altered or terminated. In either case the action shall proceed without substitution of successor who shall be bound by the judgment in their official capacity. (emphasis added)

Referring to Trial Rule 21, which relates to parties, Rule 21 (A) is pertinent to our inquiry:

"Trial Rule 21

## MISJOINDER AND NON-JOINDER OF PARTIES; VENUE AND JURISDICTION OVER THE SUBJECT-MATTER

(A) Effect of misjoinder and non-joinder. Misjoinder of parties is not ground for dismissal of an action. Except as otherwise provided in these rules, failure to name another

person as a party or include him in the action is not ground for dismissal; but such omission is subject to the right of such person to intervene or of an opposing party to name or include him in the action as permitted by these rules. Subject to its sound discretion and on motion of any party or of its own initiative, the court may order parties dropped or added at any stage of the action and on such terms as are just and will avoid delay. Any claim against a party may be severed and proceeded with separately. *Incorrect names and misnomers may be corrected by amendment under Rule 15 at any time.*" (emphasis added)

The crux of the issue is decided in Trial Rule 15 (C), which reads as follows:

"(C)    Relation back of amendments. Whatever the claim or defense asserted in the amended pleadings arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment:

(1)    has received such notice of the institution of the action that he will not be prejuiced in maintaining his defense on the merits; and

(2)    knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

The requirement of subsections (1) and (2) hereof with respect to a governmental organization to be brought into the action as defendant is satisfied:

(1)    in the case of a state or governmental organization by delivery or mailing of process to the Attorney General or to a govermental executive [Rule 4.6 (A) (3)]; or

(2)    in the case of a local governmental organization, by delivery or mailing of process to its attorney as provided by statute, to a governmental executive thereof [Rule 4.6 (A) (4)], or to the officer holding the office if suit is against the officer or an office."

The policy of notice to the proper parties being the determining factor as above implemented in Trial Rule 15 (C)

renders irrelevant the question of the manner in which the Appellees were sued below. Under the above Rule the parties could have been amended to sue the Appellees as individuals *and* as Members of the Interim Board if such endangered the Claim for Relief. Which way or ways would have been appropriate at the time is no longer of relevance because on remand the parties will be named according to Trial Rule 19 (F), under the amendment procedure allowed by the above Trial Rule 15.

The only other question presented in examining whether or not Appellants' claim may be amended is whether such amendment would relate back to the original complaint, and hence be within the statute of limitations of thirty days following the Special Election.

It is to be noted that any amendment based upon the same conduct, that of the formation of the Elwood Community School Corporation, would most certainly relate back under Trial Rule 15 (C), and also would have related back under our old system of procedure as the cause of action would not have been new or different if based upon the same facts alleged in the original complaint even though the theory of relief be different. *MacBeth* v. *Benninghoff,* 108 Ind. App. 652, 31 N. E. 2d 665 (1941). Thus Appellants' Claim for Relief, if amended to base its claim for relief upon the same conduct, transactions or occurrences as in the original complaint, will state a valid Claim for Relief.

However, such Claim for Relief is limited by our decision in *Phillips* v. *Stern, supra,* at page 278, wherein it is stated:

> "The complaint herein contains no allegation of fraud nor even language intimating same. As the action was instituted below, after the election and not in an attempt to compel compliance with the provisions of the statute and as the defects alleged are asserted in retrospect, the same are not grounds for declaring a lack of legal existence."

In other words, a retrospective attack on the school corporation formation procedures will not be entertained to declare a

lack of legal existence in the corporation absent allegations of fraud in such formation procedure, or the denial to the complaining party of some substantial right which could not have been remedied by timely action prior to the electorate approval.

It should be noted that we do not mean to imply that in an action for a declaratory judgment, with or without an adjoining suit for an injunction to enforce the decision at law, or in an action for a permanent injunction to enjoin the operation of a newly formed school corporation, an order temporarily restraining such interim trustees of the new school corporation as may be lawfully appointed from exercising control over or interfering with property previously owned by the complaining party would be inappropriate. Temporary Restraining Orders are not within the contemplated scope of this opinion, and we make no comment thereupon.

The Motion to Dismiss filed in the trial court should be and hereby is sustained as to Appellee Carl T. Smith as Judge of the Madison Circuit Court.

The Motion to Dismiss filed in the trial court should be and is hereby overruled as to the remaining Appellees and this cause is remanded for proceedings consistent with this opinion. Costs v. Appellees.

Hoffman, P.J. and Pfaff, J., concur. White, J., not participating.

NOTE.—Reported in 258 N. E. 2d 666.