STATE OF INDIANA EX REL. RADER *v.* LAKE CIRCUIT
COURT, KAUL, AS JUDGE, ETC.

[No. 29,560.   Filed October 1, 1957.]

*Wendell C. Hamacher,* of Crown Point, and *Paul Reed,* of Knox, for relator.

*E. Miles Norton, George E. Hershman* and *Earl E. Buckley,* all of Crown Point, for respondents.

ARTERBURN, C. J.—This is an original action in which the relator, William Rader, asks this court to issue a writ prohibiting the Lake Circuit Court from exercising jurisdiction in cause No. C 57-546, entitled Roy Greathouse, Florence Greathouse, Marion Carter, and Henrietta Carter, husband and wife, Elwood B. Fifield v. William Rader.

The action in the Lake Circuit Court was filed on May 22, 1957. It is an action in which the plaintiffs therein asked for a restraining order without notice and a mandatory injunction against the defendant therein, Rader, to prevent him from continuing to maintain a drainage pipe through what is known as Brown Levee, and to compel him to restore the levee

and remove certain dams and obstructions in a drainage ditch running parallel thereto.

The relator, Rader, bases his plea for a writ of prohibition upon the fact that previously, on October 14, 1952, another suit covering the same subject-matter was brought by Charles J. Burton and Mae Burton, his wife; Raymond Zander and Madeline Zander, his wife; John Beetsma and Minnie M. Beetsma, his wife; James R. McGlinn and Dorothy E. McGlinn, his wife, against Rader in the Lake Circuit Court. It should be noted here, however, that Roy Greathouse et al., plaintiffs in the second suit and referred to above, were not named specifically in the first suit brought in 1952.

The first suit brought in 1952 was an action for a permanent injunction against relator, Rader, to prevent defendants therein from interfering with the Brown Levee and ditches connected therewith and to compel them to restore the same to its original condition. That complaint and the supplemental complaint thereto said that the land of those plaintiffs and all other persons and individuals similarly situated within the levee and drainage system would be damaged by overflow by the acts and threatened acts of Rader, defendant in that cause. That action was put at issue, tried and judgment rendered on the 18th day of June, 1953, for the plaintiffs in which a permanent injunction was granted against defendants. An appeal was thereafter taken to the Appellate Court which reversed the judgment of the trial court and directed that a new trial be granted. *Rader et al.* v. *Burton et al.* (1956), 126 Ind. App. 313, 130 N. E. 2d 58. Upon the remanding of the cause to the trial court, a change of venue was taken to the Jasper Circuit Court. The plaintiff thereupon filed an amended complaint with substantially the same al-

legation therein so far as we are concerned with the question here involved. Thereafter, on May 1, 1957, William Rader filed a cross-complaint against Charles J. Burton and Mae Burton, his wife; Raymond Zander and Madeline Zander, his wife; John H. Beetsma and Minnie Beetsma, his wife; James R. McGlinn and Dorothy E. McGlinn, his wife, asking for a restraining order and an injunction to keep the cross-defendants from molesting or interfering with the culvert and pipes he had placed through the Brown Levee. The court, upon application, on the same day issued a temporary restraining order without notice as petitioned. Again we call attention to the fact that the plaintiffs Roy Greathouse et al. in the second suit in the Lake Circuit Court were not named in the cross-complaint filed prior thereto in the Jasper Circuit Court by Rader.

The relator, Rader, contends that there is a conflict of jurisdiction between the two courts, and the court which first obtains jurisdiction of the subject-matter and the parties has such jurisdiction to the exclusion of any other court of concurrent jurisdiction. *State ex rel. Estill, Admr., etc.* v. *Lake C. C. et al.* (1953), 232 Ind. 529, 114 N. E. 2d 560; *State ex rel. Allison* v. *Brennan* (1951), 229 Ind. 281, 97 N. E. 2d 925; *State ex rel. Ferger* v. *Circuit Ct.* (1949), 227 Ind. 212, 84 N. E. 2d 585; *State ex rel. Kunkel* v. *Laporte Circuit Court* (1936), 209 Ind. 682, 693, 694, 200 N. E. 614, 618.

With this principle we are in complete accord, but before it is applicable, two conditions must exist; (1) the subject matter and the issues triable must be the same; and (2) the parties in each cause of action must be the same or they must be bound thereby by proper representation. 21 C. J. S. Courts, §492, p. 745; *State*

*ex rel. Allison* v. *Brennan, supra; State ex rel. Ferger* v. *Circuit Ct., supra.*

Insofar as the first point is involved here, there seems to be no question but that the issues are the same. *State ex rel. Kunkel* v. *Laporte Circuit Ct., supra* (1936), *Brown* v. *Doak Co.* (1922), 192 Ind. 113, 135 N. E. 343; *Boos* v. *State* (1911), 175 Ind. 389, 94 N. E. 401; *State ex rel. Estill, Admr., etc.* v. *Lake C. C. et al., supra.*

Relator, Rader, claims that although Roy Greathouse et al., who brought the second suit, are not named specifically as parties in the first suit, they are, nevertheless, bound because the first suit was brought as a class action on behalf of all landowners in the levee and drainage district "similarly situated." With the general proposition that all members of a class are bound by the adjudication in an action properly brought on their behalf although not specifically designated by name as a party, there can be no disagreement. *Siegel* v. *Archer* (1937), 212 Ind. 599, 10 N. E. 2d 626; *Kimes* v. *City of Gary* (*infra*) ; *Anno.*, 101 A. L. R. 574. However, our difficulty in this case is in determining whether the first action is a class action or not. An examination of the complaint, amended complaint and cross-complaint filed in the first action, reveals that at no place in the title or the body thereof is it stated that the action is brought by the plaintiff or cross-complainant in a representative capacity on behalf of those similarly situated. It is true that in the complaint and amended complaint in the first action a statement is made that the land of "others similarly situated" will be damaged, but that it as far as such allegations go. Such a reference in a complaint to "others similarly situated" seems a rather tenuous

thread for binding all parties claimed to be represented in a class. The adjudication in a suit brought on their behalf would adjudicate their rights even though they may be unaware of the litigation. The allegations in the complaint and cross-complaint in the first action which is now pending in the Jasper Circuit Court leave us with considerable doubt that the pleadings were ever drawn upon a class action theory. Be that as it may, there is a more cogent reason why such pending suit is not an action in a representative capacity.

In *Kimes* v. *City of Gary* (1946), 224 Ind. 294, at pages 299, 300, 66 N. E. 2d 888, this court stated:

"Class actions are authorized by statute. One or more may sue or defend for the benefit of a whole class 'when the question is one of common or general interest of many persons, or where the parties are numerous, and it is impossible to bring them all before the court.' §2-220, Burns' 1933. Where a class action is properly brought all persons in the class represented are bound by the judgment. *Siegel* v. *Archer* (1937), 212 Ind. 599, 603, 604, 10 N. E. 2d 626; *Hansberry* v. *Lee* (1940), 311 U. S. 32, 42, 85 L. Ed. 22; Gavit, Pleading and Practice, Vol. 2, p. 1818, §251, Note 6; 39 Am. Jur. 923, 132 A. L. R. 749. This means that a person may have his rights adjudicated in an action of which he may have no knowledge and to which he may never have given consent. His case may be decided without his participation in an action by a volunteer. It follows that class actions should be closely scrutinized and should be permitted only in clear cases. Unless the named plaintiffs and all members of the class have an actual common interest in the subject-matter of the action and the facts are such that the interests of the absent members of the class will be fairly and fully represented and protected there will be a failure of due process and the class action will not be proper. *Hansberry* v. *Lee, supra*. If there is any failure of community of interest or any conflict of interest existing or potential, between the representative

and any member of the class the action is improper. 132 A. L. R. 753, and cases there collected."

It appears to us that the damages which one landowner might sustain could be different from the damages which another landowner might sustain from the alleged acts of relator. A landowner within the levee area may not have any damage and might even be benefited under certain sets of facts. Such rights of action would appear to be separate and individual to the various landowners; not dissimilar to a situation where a street or highway or part of a street or highway is obstructed. For example, one lot owner in a cemetery cannot maintain an action for himself and other lot owners as a class to enjoin the unlawful use of the walks and pathways in the cemetery or the obstruction of same; although he may do so for himself alone. *Certia* v. *University of Notre Dame Du Lac et al.* (1923), 82 Ind. App. 542, 141 N. E. 318.

The interest in a class suit must be joint and common among all for whom the suit is brought. The court in the above case said at page 546 of 82 Ind. App.:

". . . But, while it may be conceded that any one of the owners of such cemetery lots had a right to protect his property from invasion and to maintain his right of access thereto, it does not follow that he may assert such right with reference to some other lot in which he has no property interest, in another section of the cemetery and remote from his own. Such right, of necessity, belongs severally and peculiarly to the owner of the lot."

Likewise, it was held in *Linden Land Co. and another* v. *Milwaukee Electric Ry. & Light Co.* (1900), 107 Wis. 493, 83 N. W. 851, that a property owner may not sue in a representative capacity for all other property owners in a suit to prevent the laying of a street rail-

way, alleging that it would be a continuing nuisance to all such property owners and there was no legal authority or franchise for the laying of such railway. *Anno.* 132 A. L. R. 749, p. 756.

Therefore, even if the complaint in the first action filed showed a plain attempt to make all persons similarly situated in the drainage area parties thereto and bind them as in a class action, such allegations would be surplusage, since the nature of interest which the land owners had was separate and individual, rather than joint and mutual. *McKenna* v. *Standard Oil Co.* (1957), 236 Ind. 370, 140 N. E. 2d 512; *Kimes* v. *City of Gary* (1946), 224 Ind. 294, 66 N. E. 2d 888.

For the reasons stated, the temporary writ heretofore issued is dissolved and a permanent writ is denied.

Emmert, Landis and Achor, JJ., concur.

Bobbitt, J., concurs in result.

NOTE.—Reported in 145 N. E. 2d 15.