STATE OF INDIANA ETC. *v*. MARION CIRCUIT COURT ETC.

[No. 29,769. Filed April 14, 1959.]

328

*Edwin K. Steers*, Attorney General and *Richard M. Givan*, Deputy Attorney General, for petitioner.

*Claycombe & Claycombe* and *Fred J. Capp*, both of Indianapolis, for respondent.

ARTERBURN, J.—The State of Indiana, in its Sovereign Capacity, has petitioned this Court for a writ of prohibition to confine the respondent, Marion Circuit Court, to its alleged lawful jurisdiction in a certain cause of action, No. 80212, filed in the Marion Circuit Court, entitled "Jack R. Ensley and Beni Ensley, plaintiffs v. State of Indiana, State Highway Department of Indiana, John Peters, Charles M. Dawson and H. E. Bodine, Individually and as members of the State Highway Department of Indiana." In that cause of action the plaintiffs ask that the State of Indiana and the State Highway Department be enjoined from holding possession of land previously condemned for highway purposes and upon which a highway has now been built or is being built. The complaint in that case asks that the defendants, the State and its agencies, restore the land to its former condition and owners or, in the alternative, that the defendant be ordered to pay immediately the amount awarded by the jury in the condemnation suit of $127,733.00, with interest from the date of the verdict. The State had previously paid the award of the appraisers in the amount of $16,625.00, took possession of the strip of land and began construction of the highway. Following the jury's verdict and the overruling of a motion for a new trial, the State has filed

a praecipe, ordered a transcript, asked for and received a stay of further proceedings pending an appeal.

In the Marion Circuit Court in Cause No. 80212 the defendant, State of Indiana, and its agencies previously filed a verified answer in abatement and also a motion to dismiss, based upon the contention that another action was then pending between the same parties, involving the same issues, in the Superior Court of Marion County, Room No. 1, being Cause No. C-33491. This latter cause of action was the original condemnation suit in which the jury's verdict and judgment fixing the damages had been entered. The answer in abatement and a motion to dismiss by the State were overruled. The State of Indiana thereupon petitioned this court for a writ of prohibition against the trial court. An alternative writ has been issued.

Respondent's return states that the petitioner has failed to comply with Supreme Court Rule 2-35, which directs that certified copies of all pleadings, orders and entries pertaining to the subject matter shall be set out or made exhibits to the petition. The question as to such omission is moot, since in the transcript filed of the cause in Respondent's Court (Cause No. 80212) there is contained the complaint filed by Ensley and Ensley as plaintiffs therein. This complaint sets out in detail the nature of the proceedings in the original condemnation action (in the Superior Court of Marion County, Room 1, Cause No. C-33491) brought by the State of Indiana against Jack R. Ensley and Beni Ensley and others, as defendants, for the appropriation of a strip of land owned in fee-simple by Ensley and Ensley. This complaint stands as an admission of the facts stated therein by Ensley and Ensley, who filed it in the Marion Circuit Court in the action with which we are here concerned. They

are not in a position to dispute the facts alleged in their complaint as certified in the transcript here, since they are the real parties adverse in interest who oppose this original action for a writ of prohibition brought against the Marion Circuit Court. The respondent, a nominal party, is bound by such admissions in the pleadings and as recited in its brief. 31 C. J. S. Evidence, sec. 320, p. 1099; 73 C. J. S. Prohibition, sec. 23c, pp. 100-101.

The question before us here is the same as that presented by the State in the motion to dismiss to the Marion Circuit Court, namely, does that court have jurisdiction to determine in whom the possession of the real estate shall remain, which is the subject of the condemnation action by another court (Superior Court of Marion County, Room No. 1), pending the proceedings in that court and appeal to this Court? May one court of coordinate jurisdiction, while eminent domain proceedings are still pending in another, require and compel the payment of a judgment for damages rendered in another court, or, in the alternative, the return of the property for which the damages are assessed, pending the final determination of the issues in the other court? This question is reduced to a determination of the jurisdiction of the original court condemning the land and fixing the damages to determine the right to possession of the real estate during the pendency of the litigation. If that court has such jurisdiction, then a coordinate court may not intermeddle therein. *State ex rel. Seal* v. *Superior Court of Knox County* (1943), 221 Ind. 36, 41, 46 N. E. 2d 226; *Givan, Rec.* v. *Marion Superior Court* (1934), 207 Ind. 74, 76, 191 N. E. 144; *State ex rel.* v. *Madison Circuit Court* (1923), 193 Ind. 20, 26, 29, 138 N. E. 762.

In *State ex rel. Keesling* v. *Grant Circuit Court* (1958), 238 Ind. 577, 153 N. E. 2d 912, we held that a writ of prohibition should not issue against the Grant Circuit Court to keep it from making an order for the possession of certain realty which was the subject of an eminent domain proceeding. We held that the trial court had jurisdiction to determine the right to possession. We state (at p. 914):

"We think the law is clear that the legislature intended to expedite condemnation proceedings by permitting the payment of the award and the taking of possession pending the ultimate determination of the issues involved. There is no reason offered why a change of venue should hold up or stay such possession."

We further stated:

"A further contention is made that the Muncie Water Works Company after paying to the Clerk the amount of the appraiser's award holds only as a licensee during an appeal from the overruling of the exceptions and objections to the complaint. With this we agree. However, it is admitted that as a licensee the Water Company may occupy the real estate and possess the same to the extent necessary to the performance of its work. Schnull v. Indianapolis, etc. R. Co. (1921), 190 Ind. 572, 131 N. E. 51; Terre Haute, etc. R. Co. v. Indianapolis, etc., Co. (1906), 167 Ind. 193, 78 N. E. 661."

The respondent cites the case of *Lake Erie and Western Railway Company* v. *Kinsey* (1882), 87 Ind. 514. An examination of that case reveals that it was an action of ejectment brought for the possession of land which was the subject of another condemnation action by the Railway Company. The appraisers awarded the sum of $50.00 damages, which was paid by the Railway Company, who thereupon took possession of the land. Thereafter, upon a trial from exceptions to the award, the jury fixed the damages in the amount of $790.00 and

judgment was rendered accordingly. After a lapse of six months, in which the Railroad Company perfected no appeal from the final judgment nor paid the judgment of $790.00, the appellee brought a suit in ejectment for the return of his land. The court in that case said: (p. 521)

". . . No effort was made to stay proceedings in this case until the validity of the judgment for damages could be tested in the higher court. We think the action of ejectment is maintainable in this case; . . ."

In the case before us it is revealed that a stay of the proceedings was granted in the condemnation action for the purpose of the appeal.

(See admissions in plaintiff's reply to defendant's answer in abatement, Tr. pp. 31 and 37, also Respondent's brief, p. 3)

It is to be further noted that that case says: (p. 517)

"When the compensation has been *finally* fixed on appeal, then the corporation must pay or tender the compensation so fixed, and on failure to do so it acquires no title to the land, . . . ." (Our italics)

It by necessity follows that during the pendency of an action in which a court has jurisdiction to decide the issue of possession of real estate, another court of lesser or coordinate jurisdiction may not interfere therewith by another action in ejectment or in equity to restrain or enjoin such possession.

The case of *The Chicago and Great Southern Railway Company* v. *Jones* (1885), 103 Ind. 386, 6 N. E. 8 is distinguishable on that point.

The case of *Board of Comrs.* v. *Blue Ribbon Ice Cream etc. Co.* (1952), 231 Ind. 436, 441, 109 N. E. 2d 88 is

also urged upon us. It contains a gratuitous statement to the effect that:

> "If, upon trial of the issue, the award is increased, the appellant must pay or tender the additional amount or its right to possession ceases."

The court did not have that question before it in that case. There both sides filed exceptions to the appraisers' report. The appellee later withdrew the exceptions and requested the clerk to pay over the tendered deposit made by the appellant. The court held that the appellee was entitled to such deposit upon the withdrawal of the exceptions before any trial on the merits and any judgment had been entered. That case is no authority upon the point involved here.

A court in which a condemnation proceeding is pending has the jurisdiction to determine the possession of the real estate pending the litigation if the issue is presented. If such court decides erroneously, then the remedy is through an appeal. The mere fact that a trial court may or does decide in error a question presented, does not deprive it of jurisdiction. Jurisdiction includes the power to decide an issue erroneously as well as correctly. The remedy for any such error is an appeal. *State ex rel. Williams* v. *Goshorn* (1942), 220 Ind. 369, 43 N. E. 2d 870; *State* v. *Perry Circuit Court* (1933), 204 Ind. 673, 185 N. E. 510.

Reading the Eminent Domain Act as a whole it appears to us that it was the intention of the legislature to expedite such proceedings by turning the possession over to the condemnor upon payment of the appraisal and pending any future litigation in the case. It does not warrant an interpretation which would create a complicated system under which the possession would vacillate between the parties pending the litigation.

Burns' §3-1707, 1946 Repl. provides for the filing and a trial on exceptions to the appraisement and states therein that:

". . . ; the court may make such further orders, and render such finding and judgment as may seem just. Such judgment as to benefits or damages shall be appealable by either party as in civil actions to the Appellate or Supreme Court."

The fact that the Ensleys may have asked and been denied in the condemnation action the relief they now seek, gives them no right to go into another court of coordinate jurisdiction and ask it to assume jurisdiction over such matter and grant such relief. Only the Superior Court of Marion County, Room 1, in which the original condemnation action was brought has jurisdiction of such issues (or the Supreme Court, if on appeal) so long as it is in litigation and not finally adjudicated.

There is no merit in the further contention that the parties and the issues in the case in the respondent court are not the same as those in the case in the Superior Court of Marion County, Room 1. This is still true, even though the parties are reversed. *Moore-Mansfield, etc., Co.* v. *Indianapolis, etc., R. Co.* (1913), 179 Ind. 356, 101 N. E. 296, 44 L. R. A. (N. S.) 816; *Rehman* v. *New Albany Belt and Terminal Railroad Co. et al.* (1893), 8 Ind. App. 200, 35 N. E. 292.

The temporary writ of prohibition is made absolute and permanent.

Landis, C. J., Achor and Bobbitt, JJ., concur.

Jackson, J., concurs in result.

NOTE.—Reported in 157 N. E. 2d 481.