STATE EX REL. CITY OF INDIANAPOLIS ET AL. *v.* HANCOCK CIR. CT., DAVIS, JUDGE.

[No. 30,987. Filed November 17, 1967. Rehearing denied January 18, 1968.]

*Michael B. Reddington, Barnes, Hickam, Pantzer & Boyd, Alan W. Boyd, John W. Houghton, Melville Watson,* all of Indianapolis, for relators.

*Willis K. Kunz, William A. Waddick, Patrick J. Smith, James R. McClarnon,* and *Glenn T. Williams,* all of Indianapolis, for respondent.

PER CURIAM.—The relators have filed in this court a writ of prohibition requesting the respondents from issuing any order, judgment or decree assuming jurisdiction in Cause No. 32895 in the Hancock Circuit Court, and in the alternative, that this court issue a writ of mandate against the respondents to set aside and vacate an order requiring the witness Nordsiek to produce documents specified in plaintiffs' subpoena duces tecum and requiring the witness Nordsiek to show cause why he should not be adjudged in contempt for failure to produce said documents and answer questions upon this deposition.

This cause involved the jurisdiction of the Hancock Circuit Court in an action commenced by one Robert P. Knowles against the relators as defendants to quiet title to certain real estate in Marion County, Indiana. Said cause was commenced on September 3, 1965, in Room 5 of the Marion Superior Court of Marion County. The venue of said cause was subsequently changed to the Hancock Circuit Court where said cause is presently pending as Cause No. 32895 therein.

On September 21, 1965, Robert P. Knowles, the same plaintiff, together with his wife and a mortgage loan association holding a mortgage on said real estate, commenced a second

action in Room 4 of the Superior Court of Marion County being Cause No. S465449 in said court which is a statutory appeal from the decision of the Board of Flood Control Commissioners of the City of Indianapolis, one of the relators with respect to the same real estate which is pending in said court and undisposed. The petitioner filed a petition for a writ of prohibition and mandate with the Clerk of the Supreme Court on June 13, 1966. The temporary writ was denied on the same day. Respondents contend, among other things, that the writ was tardily filed, that the quiet title suit was filed prior to the initiation of the Marion Superior suit, and that the parties are different, and that it is impossible to determine from the face of the complaint whether the real estate to which quiet title suit and the Marion Superior suit pertained are identical.

It appears by respondents' own contention that the Marion Superior suit, Cause No. S465449 and the legal descriptions attached thereto, include all the land for which the Hancock Circuit quiet title action was initiated. It has been well established in this state that where the issue is which of two courts of coordinate jurisdiction has acquired exclusive jurisdiction, it is only necessary that the cases involve the same parties and subject matter. In the case of *State ex rel. Ferger* v. *Marion Circuit Court* (1949), 227 Ind. 212 which was an original action brought by the relator against Circuit Court of Marion County, Indiana, and the Judge thereof for a writ of prohibition prohibiting the court from continuing to assume jurisdiction in a suit for specific performance, there the Court held that the same subject matter was involved as well as the same parties. The first action between the parties was by a lessor against a lessee for reformation of the description of leased real estate. The second action between them was by the lessee against the lessor for specific performance of an option to purchase real estate described in the lease. The lessor filed a plea in abatement in the second action alleging that the action for reformation

had been commenced first, was still pending and involved the same parties and subject matter. A motion to strike out the plea in abatement was sustained and the lessor as relator applied for and was granted finally a permanent writ of prohibition. The court held that since both cases involved the same subject matter, namely the rights of the parties under the lease, the court first acquiring jurisdiction has exclusive jurisdiction until the case in that court is finally disposed of on an appeal or otherwise. That the cause of action in each case was entirely different was immaterial.

It appears that the statutory remedy had been instituted by the appeal to the Superior Court of Marion County being Cause No. S465449 in said court. This case sustains the principle that the appeal is a continuation of the proceeding commenced by plaintiff Knowles. See *State ex rel. Public Service Commissioner* v. *Boone* (1956), 236 Ind. 202.

In *State ex rel. Ferger* v. *Marion Circuit Court supra,* the court quoted from *State ex rel. Kunkel* v. *Laporte Circuit Court,* 209 Ind. 682, 693:

> "The purpose of the statute and of prohibition at common law is not only to protect parties from injury by the unwarranted usurpation of jurisdiction, but to protect the dignity of the sovereign state by preserving the integrity of its judicial system and preventing unseemly confusion and controversy between co-ordinate courts and their officers."

In *The City of Indianapolis* v. *John Clark, Inc.* (1964), 245 Ind. 628, 196 N. E. 2d 896, the court makes it clear that where the statutory remedy is adequate, there can be no jurisdiction to collaterally attack the condemnation proceedings in an independent suit for injunction. If one owner may attack the condemnation proceedings by an action requesting title to land previously appropriated in the condemnation suit, this may well open the door to an attack by any landowner to do the same thing, and the entire condemnation proceeding may be held to be a nullity in such a collateral attack.

The court on page 899 in the Clark case stated:

"If appellees were under the statute which granted a new substantive right, also afforded procedure for a judicial review of a final finding and determination of the Board, then it follows that they were restricted to the procedure therein provided for such review."

This court has frequently held that mandate or prohibition are not substitutes for appeal. Unless the duty is clear and unquestioned, actions for mandate and prohibition will ■■ not be entertained in this court. *State ex rel. Reiman* v. *Kimmel* (1937), 212 Ind. 639, 10 N. E. 2d 911; *State ex rel Socony Mobil Oil Co.* v. *Delaware Circuit Court* (1964), 245 Ind. 154, 196 N. E. 2d 752. Nevertheless, the appeal to Superior Court of Marion County being Cause No. S454449 is a continuation of the proceedings commenced by Robert B. Knowles; in *State ex rel. Public Service Commission* v. *Boone.* (1956), 236 Ind. 202.

"An appeal taken from the denial of the rate increase is a continuation of that proceeding, and any reversal or setting aside of the original order on appeal is a continuation and a part of the proceeding that binds all persons or parties thereto who would have been bound by the original judgment or order; hence the appeal taken to the Hendricks Circuit Court was a continuation and a part of the proceedings originally instituted by petition before the Public Service Commission for a rate increase after public notice was given as provided by statute."

The case of *State* v. *Marion Circuit Court* (1959), 239 Ind. 327 involved an injunction suit rather than a proceeding for quiet title, but nevertheless has a direct bearing in the case before this court.

In that action, the State of Indiana in its sovereign capacity petitioned for a writ of prohibition to confine the Marion Circuit Court to its lawful jurisdiction in a cause brought by one Endsley and his wife against the State Highway and members thereof to enjoin the defendants from holding possession of

land previously condemned for highway purposes and on which a highway was being built. The complaint sought to require the defendants to restore the land to its former condition or require them to pay the amount awarded by the jury in the condemnation case from which the defendants were appealing. The state and its agencies filed a verified plea in abatement and a motion to dismiss based upon the allegation that another action involving the same issue was pending, being the original condemnation suit in which the verdict for damages had been entered. Both the plea and the motion were overruled. There this court stated:

> "This question is reduced to a determination of the jurisdiction of the original court condemning the land and fixing the damages to determine the right to possession of the real estate during the pendency of the litigation. If that court has such jurisdiction, then a coordinate court may not intermeddle therein . . .

> "It by necessity follows that during the pendency of an action in which a court has jurisdiction to decide the issue of possession of real estate another court of lesser or coordinate jurisdiction may not interfere therewith by another action in ejectment or in equity to restrain or enjoin such possession . . .

> "Reading the Eminent Domain Act as a whole it appears to us that it was the intention of the legislature to expedite such proceedings by turning the possession over to the condemnor upon payment of the appraisal and pending any future litigation in the case. It does not warrant an interpretation which would create a complicated system under which the possession would vacillate between the parties pending the litigation."

The relators should not be subject to an additional trial and appeal in the event the collateral attack is sustained. It is the opinion of the court, therefore, that the writ of prohibition and the alternative writ of mandate be made absolute and permanent.

NOTE.—Reported in 231 N. E. 2d 32.