STATE EX REL. AMERICAN RECLAMATION AND REFINING CO., INC. *v.* MARION SUPERIOR COURT.

[No. 1170S267. Filed June 4, 1971.]

*John D. Raikos, Raikos, Melangton, Dougherty & Christ,* of counsel, of Indianapolis, for relator.

*Michael V. Gooch, Warren C. Moberly, Harrison, Moberly, Wallace & Gaston,* of Indianapolis, for respondent.

ORIGINAL ACTION

GIVAN, J.—The relator has petitioned this Court for a writ of mandate and prohibition to confine the respondent, Marion Superior Court, Room 1, to its alleged lawful jurisdiction in a certain cause of action in that court bearing Cause No. S170-

1072 and entitled State of Indiana ex rel. Ralph C. Singer, Director, Division of Public Health, The Health and Hospital Corporation of Marion County, Indiana, A Municipal Corporation, Plaintiff, vs. American Reclamation and Refining Co., Inc. (An Indiana Corporation), Defendant. In that cause of action the plaintiff prays that a temporary restraining order issue without notice restraining defendant from the dumping of all wastes at the site known as 1350 West Troy Avenue, Indianapolis, with the exception of sand, dirt and other inorganic non-combustibles and after hearing, for an injunction against such activity. This action was filed October 19, 1970. At the time of the filing of the cause in respondent court, there was already pending an action before the Shelby Superior Court on change of venue from Marion Superior Court, Room 6, entitled State ex rel. American Reclamation and Refining Co., Inc., vs. Albert Klatte as Enforcement Officer and on Behalf of the Marion County Health and Hospital Corporation, et al., bearing Cause No. SC70-183.

On November 9, 1970, this Court issued a temporary writ of mandate and prohibition against the respondent court wherein that court and the Honorable Charles C. Daugherty, Judge thereof, was temporarily prohibited from taking any further steps to enforce the restraining order which said Court had issued November 4, 1970, until the Shelby Superior Court case had been adjudicated. Respondent was ordered to show cause on or before the 9th day of December, 1970, why the writ should not become permanent.

We have previously stated that where an issue is first placed before a court of competent jurisdiction for determination as between the same parties and the same subject matter that court attains exclusive jurisdiction as to any co-ordinate court before which the same matter may be attempted to be brought. *State* v. *Marion Circuit Court* (1959), 239 Ind. 327, 157 N. E. 2d 481; *State ex rel. City of Indianapolis* v. *Hancock Circuit Court* (1967), 249 Ind. 377, 231 N. E. 2d 32, 12 Ind. Dec. 39.

The respondent court had no jurisdiction under the circum-

stances of this case, the exclusive jurisdiction having previously vested with the Shelby Superior Court.

The temporary writ of mandate and prohibition is, therefore, made permanent.

Arterburn C.J., DeBruler and Hunter, JJ., concur; Prentice, J., not participating.

NOTE.—Reported in 269 N. E. 2d 869.