289 N.E.2d 308 (1972)
Edward B. HAZEL and Martha Hazel, Defendants-Appellants.
v.
THE METROPOLITAN DEVELOPMENT COMMISSION OF MARION COUNTY, Plaintiff-Appellee.
No. 1271A282.
Court of Appeals of Indiana, Second District.
November 16, 1972.
Henry M. Coombs, C. Thomas Blankenship, Indianapolis, for defendants-appellants.
Gary R. Landau, Corp. Counsel, Anthony M. Benedict, Deputy Corp. Counsel, Indianapolis, for plaintiff-appellee.
SULLIVAN, Judge.
The question before us is whether the determination of one judge has encroached upon and superceded an earlier determination by another judge whose court (albeit a different room number of the same superior court) possessed concurrent jurisdiction.
Appellants Edward B. and Martha Hazel requested a variance from the requirements of the Marion County Master Plan Permanent *309 Zoning Ordinance with respect to property owned by the appellant as follows:
"69-V4-189, Edward B. Hazel, 5240 South Warman Avenue, requests variance of use to provide for the storage of repossessed automobiles, with off-street parking as per plans filed. (Zoned A-2), located at 5240 South Warman Avenue in Perry Township."
These plans consisted of the following exhibit:

*310 The Marion County Board of Zoning Appeals denied the requested variance by a vote of 3-2 on November 13, 1969. On July 16, 1970 upon certiorari, Marion County Superior Court #3 (Superior Three) reversed the Metropolitan Board of Zoning Appeals and in effect, purported to grant the zoning variance. Pertinent parts of the judgment are as follows:
"IT IS NOW, THEREFORE, ORDERED, ADJUDGED AND DECREED BY THE COURT: That the action of the Board of Zoning Appeals in denying plaintiff's application to provide for storage of repossessed automobiles, with off-street parking, as per plans filed on the following described real estate, said real estate being described as follows, to-wit:
Lot Number Fifteen (15) in Sunshine Gardens Addition, recorded in Plat Book 21, page 153, in the Office of the Recorder of Marion County, Indiana.
That the strict application of such ordinance, as to plaintiff's real estate and the use thereof, constitutes such impractical difficulties and unnecessary hardship in said case that said real estate necessitates a variance, and the variance from the strict letter of the zoning ordinance is now ordered so far as related to the improvement as applied for by the plaintiff.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT: That the decision of the Board of Zoning Appeals in Case Number 69-V4-189, is wholly reversed."
* * * * * *
On April 8, 1970, prior to any decision by Superior Three, the appellee, Metropolitan Development Commission of Marion County (hereinafter referred to as "Commission") filed a complaint in Marion County Superior Court # 4 (Superior Four) for a permanent injunction against Hazel to prohibit the storing of automobiles upon the real estate in question. After the Superior Three decision, the complaint in Superior Four was amended to apply only to Tract "B" of Lot 15. Then on March 30, 1971, Superior Four entered a judgment in favor of the Commission granting a permanent injunction against Hazels. Pertinent parts of the injunction order are as follows:
"WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that on and after April 1, 1971, Edward B. Hazel and Martha A. Hazel, are permanently enjoined from using the real estate herein referred to as Tract "B" for the storage of motor vehicles."
Hazels' Motion to Correct Errors was overruled.
Two related issues are presented to this Court on appeal:
1) Did Superior Four have "jurisdiction"?
2) Did the Superior Four decree unlawfully limit the rights guaranteed to Hazels by a prior decision of a court of coordinate jurisdiction?
They are herein treated as one.
The Commission's complaint for a permanent injunction was based upon the Act which established the Metropolitan Planning Commission.[1] Section 53-982 of that Act is as follows:
"53-982. Injunction.  The plan commission, the metropolitan board of zoning appeals or any designated enforcement official may institute a suit for injunction in the circuit or superior court of the county to restrain an individual or a governmental unit from violating the provisions of this act [§§ 53-901 to 53-985] or of an ordinance enacted pursuant to its terms. The plan commission or the *311 metropolitan board of zoning appeals may also institute a suit for a mandatory injunction directing an individual or a governmental unit to remove a structure erected in violation of the provisions of this act or of an ordinance enacted pursuant to its terms. If the plan commission or the metropolitan board of zoning appeals is successful in its suit, the respondent shall bear the costs of the action. A change of venue from the county shall not be granted in such a case. [Acts 1955, ch. 283, § 82, p. 786; 1959, ch. 380, § 27, p. 1033; 1965, ch. 434, § 23, p. 1375.]"
However, Hazels contend that the injunction granted by Superior Four erroneously circumvented the decision of Superior Three, a court of concurrent jurisdiction. We recognize that the controlling statute establishes one superior court which consists of seven judges. See I.C. 1971, XX-X-XX-X, Ind. Ann. Stat. § 4-2201 (Burns 1968). Nevertheless, the principle that the court first acquiring jurisdiction retains it to the exclusion of all others of coordinate position is applicable to the various rooms and judges of the Marion County Superior Court. State v. Bridwell (1960), 241 Ind. 135, 141, 170 N.E.2d 233.
The principle which appellant argues as applicable and as stated immediately above is truly a principle of "jurisdiction" and while we note that appellant's argument is couched in "jurisdictional" language, the more appropriate terminology for such argument would be in terms of "res judicata." The "exclusive jurisdiction" principle presupposes that the first judicial proceeding in the "exclusive jurisdiction" court is in fieri at the time the second proceeding is brought in a different court.
As stated in State v. Marion Circuit Court (1959), 239 Ind. 327, 335, 157 N.E.2d 481, 485:
"Only the Superior Court of Marion County, Room 1, in which the original ... action was brought has jurisdiction of such issues (or the Supreme Court, if on appeal) so long as it is in litigation and not finally adjudicated." (Emphasis supplied)[2]
When the "exclusive jurisdiction" court has entered final judgment as here, the question is, not whether the second court has jurisdiction but rather whether the judgment of the first court is res judicata. Notwithstanding the semantics of the problem as posed, we will treat the thrust of appellant's argument within the framework of the principle which he espouses and in light of the fact that "exclusive jurisdiction" and "res judicata" are closely related concepts in the context of the case before us.
The principle is inapplicable to the particular facts of the case before us for the simple reason that the portion of Lot 15 covered by the zoning variance under review in Superior Three is not the portion of the lot covered by the injunction proceeding in Superior Four. The subject matter of the two proceedings was separate and distinct.
Thus, the factual situation here presented is unlike that in State ex rel. City of *312 Indpls. v. Hancock Cir. Ct. (1967), 249 Ind. 377, 379, 231 N.E.2d 32, 33, wherein the second proceeding included all of the land for which the earlier quiet title action was initiated, and the Supreme Court enunciated the principle as follows:
"It has been well established in this state that where the issue is which of two courts of coordinate jurisdiction has acquired exclusive jurisdiction, it is only necessary that the cases involve the same parties and subject matter." (Emphasis supplied)
To the same effect is State ex rel. American Fletcher Nat. B. & T. Co. v. Daugherty (1972), Ind., 283 N.E.2d 526, 528 which noted:
"This rule is not mitigated where the subject matter before the separate courts is the same but the actions are in different forms, i.e., a civil action and a petition for injunctive relief." (Emphasis supplied)
See also State ex rel. American Reclamation & Refining Co., Inc. v. Marion Superior Court Room 1 (1971), Ind., 269 N.E.2d 869; State ex rel. Indpls. Produce Terminal v. Davis, J. (1962), 243 Ind. 55 at 59, 182 N.E.2d 589; State ex rel. State Bank v. Howard Cir. Ct. (1958), 238 Ind. 448, 151 N.E.2d 515; State ex rel. Rader v. Lake Cir. Ct. (1957), 237 Ind. 273, 145 N.E.2d 15.
Our facts are also dissimilar from those presented in State ex rel. Pub. Serv. Comm. v. Boone Cir. Ct. (1956), 236 Ind. 202, 212, 138 N.E.2d 4, 9, 139 N.E.2d 552, wherein the Court stated:
"A determination of those issues by the Hendricks Circuit Court, which first acquired jurisdiction would be an adjudication which the Boone Circuit Court may not reconsider, review, or change. It is obvious that these issues if they do not entirely coincide do overlap to such an extent that there is a conflict of jurisdiction between the Hendricks Circuit Court and the Boone Circuit Court."
It is of no avail for appellant to claim identity of subject matter in the two proceedings in that Hazels could have sought a use variance for portion "B" of Lot 15. The fact remains that they did not do so. See State ex rel. Pub. Serv. Comm. v. Pike Cir. Ct. (1963), 244 Ind. 481 at 490, 192 N.E.2d 149.

SUPERIOR FOUR DECREE DID NOT CONFLICT WITH SUPERIOR THREE DECISION
As heretofore noted, the controlling issue is the determination of what land is covered by the variance granted by Superior Three.
The record shows that Hazels' use of the land in question violated the provisions of the Master Zoning Plan. In Superior Four, Hazels did prove the existence of a variance as a matter of defense. However, the variance is a defense only for those uses specified and only for that portion of land which is subject to the variance. See City of E. Chicago, Ind. v. Sinclair Refining Co. (1952), 232 Ind. 295, 309, 111 N.E.2d 459. Hazels contend that the variance from the A-2 zoning classification applies to the entire lot being used to store vehicles. On the other hand, the Commission's position is that the variance granted to Hazels is limited to a portion of the lot, i.e., Tract "A". There is then according to the Commission a violation of the zoning ordinance as to Tract "B" of Lot 15 constituting a statutory nuisance which may be abated by injunction. I.C. 1971, XX-X-X-XX, Ind. Ann. Stat. § 53-982 (Burns 1972 Supp.).
The variance petition did not request that the entire lot be varied from use restrictions but only as "per plans filed." These plans indicate that only the southwest portion of the lot would be used for current vehicle storage. Only that portion, *313 Tract "A", accented by cross-hatched lines, has marked parking spaces and has the surface described. Only Tract "A" is labeled as "Repossessed Auto Storage Area." The north portion of the lot, Tract "B" (the tract in question in this appeal), is designated as an "existing yard". While there is a reference on the exhibit to "possible future expansion of auto storage and fenced area", with respect to Tract "B", this insignificant indication of contemplated future expansion does not override the specific descriptions earlier noted.
Since a variance affords relief from a literal and exact enforcement of a zoning ordinance and permits the use of property in a manner otherwise forbidden by the ordinance, it must be strictly construed. Light Co., Inc. v. Houghton (1967), 141 Ind. App. 93, 226 N.E.2d 341. A mere notation therefore upon a plat plan concerning "possible future" use is not enough to support Hazels' contention that Superior Three approved a variance to cover the entire lot. A variance for the whole lot was not requested. To the contrary, the request was "per plans", which limit the storage of vehicles to a definite and designated portion of the entire lot. Furthermore, the judgment of Superior Three specifically limited the variance "as applied for by the plaintiff".
Hence, we are compelled to conclude that the variance approved by Superior Three only covered the portion of the lot designated on the plans as Tract "A". Accordingly, the injunction granted by Superior Four being confined to Tract "B" did not conflict with the previous decision reached by Superior Three.
For these reasons, the decision of the Marion County Superior Court, Room Four enjoining Hazels from using Tract "B" for the storage of motor vehicles is affirmed.
BUCHANAN, P.J., and WHITE, J., concur.
NOTES
[1] I.C. 1971, 18-7-2-1 to XX-X-X-XX, Ind. Ann. Stat. §§ 53-901 to 53-985 (Burns 1972 Supp.)
[2] See also: State ex rel. American Fletcher Nat. B. & T. Co. v. Daugherty (1972), Ind., 283 N.E.2d 526; State ex rel. American R. & R. Co. v. Marion Super. Ct., Room 1 (1971), Ind., 269 N.E.2d 869; State ex rel. City of Indpls. v. Hancock Cir. Ct. (1967), 249 Ind. 377, 379, 231 N.E.2d 32; State ex rel. Pub. Serv. Co. v. Pike Cir. Ct. (1963), 244 Ind. 481, 192 N.E.2d 149; State ex rel. Indpls. Produce Terminal v. Davis, J. (1962), 243 Ind. 55, 182 N.E.2d 589; State v. Bridwell, supra; State ex rel. McClure v. Marion Super. Ct. (1959), 239 Ind. 472, 158 N.E.2d 264; State ex rel. State Bank v. Howard Cir. Ct. (1958), 238 Ind. 448, 151 N.E.2d 515; State ex rel. Montgomery v. Super. Ct. (1958), 238 Ind. 664, 154 N.E.2d 375; State ex rel. Rader v. Lake Cir. Ct. (1957), 237 Ind. 273, 145 N.E.2d 15; State ex rel. Pub. Serv. Comm. v. Boone Cir. Ct. (1956), 236 Ind. 202, 138 N.E.2d 4, 139 N.E.2d 552; State ex rel. Estill, Admr. v. Lake Cir. Ct. (1953), 232 Ind. 529, 114 N.E.2d 560.