352 N.E.2d 487 (1976)
STATE of Indiana On the Relation of International Harvester Company, Relator,
v.
ALLEN CIRCUIT COURT AND HONORABLE RAY ADE, Special Judge for the Allen Circuit Court, Respondents.
No. 1075S296.
Supreme Court of Indiana.
August 19, 1976.
*488 Milford M. Miller, Fort Wayne, for relator.
David B. Keller, Ralph R. Blume, David A. Travelstead, Fort Wayne, Ted S. Miller, Huntington, for respondents.
DeBRULER, Justice.
On October 8, 1974, the Common Council of Fort Wayne passed an ordinance for the purpose of annexing an area of land at its borders. On December 18, 1974, landowners in the area, including relator, filed a remonstrance against this proposed annexation in the Allen Circuit Court, and the case now pends before the Honorable Ray Ade, Special Judge.
On September 3, 1975, relator filed a petition with the trial court to stay that remonstrance proceeding. The petition was denied on September 24, 1975. On September 29, 1975, relator filed its motion to reconsider such ruling, and that motion was denied. By this original action, relator seeks to require the trial court to hold the remonstrance proceeding in abeyance pending the outcome of another case pending in the Whitley Circuit Court.
In the trial court, relator based his motion for stay of proceedings upon the fact that the land sought to be annexed by Fort Wayne in its 1974 ordinance is the same land which has been the subject of three prior attempts at annexation, one by Fort Wayne itself and two by the City of New Haven; and that each of these prior annexation ordinances is itself the subject of separate but ongoing trial court challenges; and that none of those cases has been finally disposed of. In chronological order of their original initiation, they are:
1. On January 5, 1951, the Town of New Haven filed with the Allen County Commissioners a petition to annex the subject area. The annexation was approved, and the Allen Circuit Court upheld it against remonstrance, but the Second District Court of Appeals reversed in City of Fort Wayne v. Board of Trustees of Town of New Haven, (1971) 150 Ind. App. 519, 277 N.E.2d 38. On remand, and after a change of venue, the Noble Circuit Court entered a final *489 judgment, which is on appeal in the Court of Appeals.
2. On January 30, 1951, the Common Council of Fort Wayne passed an ordinance purporting to annex the subject land. A suit by remonstrators against this annexation is still pending in the Allen Circuit Court.
3. On January 17, 1972, the Common Council of New Haven adopted an ordinance annexing the subject real estate. Relator and others filed remonstrances. But, on June 30, 1975, relator withdrew its remonstrance and, on July 1, 1975, the Allen Circuit Court dismissed all other remonstrances. Prior to the withdrawal and dismissals, Fort Wayne filed a declaratory judgment action collaterally attacking the annexation ordinance. Relator intervened in July, 1975. The action is presently pending in the Whitley Circuit Court.
In its petition for a writ before us, relator alleges a conflict of jurisdiction between the remonstrance proceeding against the 1974 Fort Wayne annexation ordinance pending in the Allen Circuit Court and the prior collateral claim contesting the 1972 New Haven ordinance pending in the Whitley Circuit Court. Relator does not use the ongoing cases in the Court of Appeals and the Allen Circuit Court, in which the two 1951 ordinances are contested, as bases for its claim of conflicting jurisdiction.
The proposition upon which relator bases its claim for a writ of prohibition is well settled. An unseemly conflict of jurisdiction exists between two courts of coordinate jurisdiction where both exert authority over cases between the same parties and involving the same subject matter and issues. State ex rel. American Reclamation and Refining Co., Inc. v. Marion Superior Court, Room 1, (1971) 256 Ind. 507, 269 N.E.2d 869; State ex rel. Rader v. Lake Circuit Court, (1957) 237 Ind. 273, 145 N.E.2d 15. In such instances the jurisdiction of the court first acquiring such jurisdiction is deemed exclusive until the case is finally disposed of on appeal or otherwise. State ex rel. Ferger v. Circuit Court, (1949) 227 Ind. 212, 84 N.E.2d 585. And, in such instances, this Court will enforce such exclusivity of jurisdiction by prohibiting the court last acquiring such jurisdiction from further exercise thereof.
The problem posed in this case is the application of that rule to the circumstances of this case. Respondent points out that the two requisites for application of the rule, namely, identity of subject matter and identity of parties in the two suits, are absent here, and concludes that the rule should not apply at all. State ex rel. Rader v. Lake Circuit Court, supra. Relator, however, contends that the subject matter is the same, namely, the validity of the exercise of jurisdiction by the City of New Haven to enact the 1972 annexation ordinance; and that the absence of the City of New Haven as a party to the Fort Wayne remonstrance case is a technicality which should not serve to render the rule inapplicable. We agree with relator that the rule is applicable in spite of the variance in subject matter and parties. Both bases involve the issue of the jurisdiction of the Common Council of New Haven to enact the 1972 ordinance. That issue is outcome determinative in the Whitley Circuit Court case and is crucial and potentially outcome determinative in the Allen Circuit Court case. And, in addition, the City of Fort Wayne initiated the earlier declaratory judgment suit now pending in the Whitley Circuit Court, in which it first raised this issue. Relator intervened. Therefore, both relator and the City of Fort Wayne are parties in the two suits.
In some cases, this Court has granted extraordinary relief where two courts of coordinate jurisdiction were exercising their authority over cases in which the subject matter, parties, and remedies sought were only substantially the same. *490 In State ex rel. Public Service Commission v. Boone Circuit Court, (1956) 236 Ind. 202, 138 N.E.2d 4, 9, this Court granted a writ where the issues did "not entirely coincide" but did "overlap" to an extent. Accord: State ex rel. City of Indianapolis v. Hancock Circuit Court (1967) 249 Ind. 377, 231 N.E.2d 32. And, likewise, the absence of various parties in one of two suits allegedly in conflict has not defeated the right to equitable relief by way of extraordinary writ. State ex rel. Indianapolis Produce Terminal, Inc. v. Davis, (1962) 243 Ind. 55, 182 N.E.2d 589; State ex rel. McClure v. Marion Superior Court, Room No. 1, (1959) 239 Ind. 472, 158 N.E.2d 264; State ex rel. Montgomery v. Superior Court of Marion County, Room 3, (1958) 238 Ind. 664, 154 N.E.2d 375.
While the conflict in the jurisdiction of the Allen and Whitley Circuit Courts is not total and complete, in the sense that the cases pending in those courts involve precisely the same issues and precisely the same parties, such conflict is substantial enough to warrant the granting of a writ requiring the Allen Circuit Court to stay its proceedings pending a final judicial determination of the Whitley Circuit Court case. Here, no significant harm will befall the parties on either side of the case, or the citizens of Fort Wayne, or the citizens in the annexed area who may approve of annexation by Fort Wayne, by requiring the Allen Circuit Court to abate its case pending the outcome of the Whitley Circuit Court case. The 1974 annexation by the City of Fort Wayne cannot become effective until the remonstrance proceeding in the Allen Circuit Court is concluded. The interest of all concerned will best be served by permitting these cases to be disposed of in an orderly manner.
The writ requested is ordered issued.
GIVAN, C.J., and ARTERBURN, HUNTER and PRENTICE, JJ., concur.