STATE OF INDIANA ON THE RELATION OF PUBLIC SERVICE COMMISSION OF INDIANA *v.* MARION CIRCUIT COURT OF MARION COUNTY, INDIANA AND HONORABLE J. PATRICK ENDSLEY, AS JUDGE OF SAID COURT.

[No. 677S406. Filed December 22, 1977. Rehearing denied March 3, 1978.]

*Theodore L. Sendak,* Attorney General, *Stephen L. Lucas,* Deputy Attorney General, for relator, Public Service Commission, *Alan W. Boyd, Jerry P. Belknap, Greg K. Kamberlin, Barnes, Hickam, Pantzer & Boyd,* of counsel, of Indianapolis, for relator, Public Service Company of Indiana, Inc.

*David A. Malson,* of Rushville, *Harold W. Jones, Robert W. Geddes,* of Indianapolis, for respondents.

DEBRULER, J.—In 1968 the City of Rushville sold its electric utility system including generating facilities to Public Service Company of Indiana, Inc., an electric utility company, for

cash and a promise to continue to charge customers served by the city at the 1968 rate level so long as the customer continued to receive service at the same premises. On October 6, 1975, the Public Service Commission of Indiana ordered the Public Service Company of Indiana, Inc., to file for a rate increase for Rushville customers which would increase the rate beyond the 1968 level. A proceeding for review of that order is pending before the Court of Appeals brought there by Rushville. Thereafter, in addition to resisting the order of the Commission by maintaining that review proceeding, Rushville joined by several affected customers instituted a suit against Public Service Company, Inc., and the Public Service Commission of Indiana in the Marion Circuit Court requesting rescission of the contract of sale and damages. The defendants below unsuccessfully sought dismissal of the Marion Circuit Court suit, and petition here for a writ of prohibition against the Marion Circuit Court to prevent its further exercise of jurisdiction in the case. We granted the temporary writ of prohibition.

Relators support their petition by seeking application of the principle of law that the first of two courts acquiring jurisdiction of a subject matter in dispute between the same parties must be deemed to have the exclusive authority in the matter. *State ex rel. International Harvester Co.* v. *Allen Circuit Court,* (1976) 265 Ind. 175, 352 N.E.2d 487; *State ex rel. American Reclamation and Refining Co., Inc.* v. *Marion Superior Court, Room 1,* (1971) 256 Ind. 507, 269 N.E.2d 869; *State ex rel. Ferger* v. *Circuit Court,* (1949) 227 Ind. 212, 84 N.E.2d 585.

The order of the Public Service Commission pending on review in the Court of Appeals is predicated upon a determination of that Commission that the contract provision incorporating the promise to freeze rates does not limit its power to fix the rate at a level inconsistent with that provision. Both the Court of Appeals and the Marion Circuit Court are being called upon in the proceedings pending before them to interpret

the same contract provision and to decide whether or not it is enforcible. The resolution of these questions is potentially outcome-determinative in both courts. The subject matter is therefore the same in both proceedings. *State ex rel. American Reclamation and Refining Co., Inc.* v. *Marion Superior Court, Room 1, supra.*

The parties to the contract are parties in both the review proceedings and the civil suit. The Court of Appeals did not obtain formal jurisdiction until after the circuit court case was filed. However, the jurisdiction of the Court of Appeals is derivative of an exercise of authority by the Commission which preceded the institution of the civil suit in time, and upon this basis the jurisdiction of the Court of Appeals should be deemed first acquired for the purposes of this original action. The rule relied on by Relators is fully applicable here and the jurisdiction of the Court of Appeals must be held to be exclusive at this time so that conflicting orders resolving the same issues will not emanate from the two courts thereby creating an unseemly confusion and controversy between those courts.

The writ heretofore granted in temporary form is now made permanent.

Givan, C.J., Hunter, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 370 N.E.2d 690.