STATE of Indiana on the relation of CITY OF NEW HAVEN and International Harvester Company, Relators,

v.

WHITLEY CIRCUIT COURT and the Honorable Edward J. Meyers, Jr., Judge, Respondents.

No. 1077S753.

Supreme Court of Indiana.

Dec. 23, 1981.

a. *1951 New Haven (1st attempt)* —pending before Supreme Court of Indiana on Petition for Transfer; No. 3–675 A 109

b. *1951 Fort Wayne (2nd attempt)* —pending before Allen Circuit Court as Cause Nos. 26260 and 26283

c. *1972 New Haven (3rd attempt)* —pending before Whitley Circuit Court as Cause No. C–75–135

d. *1974 Fort Wayne (4th attempt)* —pending before Allen Circuit Court as Cause No. CC–74–827

The conflict in the present original action involves the 1972 attempt by New Haven at annexation designated as "third attempt" as it relates to the "second attempt," which was the 1951 Fort Wayne annexation attempt.

In *State ex rel. International Harvester Co., v. Allen Circuit Court, et al.,* (1976) 265 Ind. 175, 352 N.E.2d 487, our Court faced a similar issue which involved the same conflict between the "fourth attempt" and the "third attempt" at annexation. The "third attempt" was a 1972 attempt by New Haven to annex this property and certain remonstrances filed thereto. The cause had been venued to and was pending in Whitley Circuit Court as Cause No. C–75–135. Relators sought the writ to prevent the Allen Circuit Court from proceeding with the "fourth attempt" which was a 1974 attempt by Fort Wayne to annex the same property and was pending there as Cause No. CC–74–827. A writ of prohibition directed to the Allen Circuit Court was issued on the grounds that "an unseemly conflict of jurisdiction exists between two courts of coordinate jurisdiction where both exert authority over cases between the same parties and involving the same subject matter and issues. *State ex rel American Reclamation and Refining Co., Inc., v. Marion Superior Court Room I,* (1971) 256 Ind. 507, 269 N.E.2d 869; *State ex rel., Rader v. Lake Circuit Court,* (1957) 237 Ind. 272, 145 N.E.2d 15. In such instances, the jurisdiction of the court first acquiring such jurisdiction is deemed exclusive until the case is finally disposed of on appeal or otherwise. *State ex rel. Ferger v. Circuit Court,* (1949)

Arthur H. Fruechtenicht, Milford M. Miller, Fort Wayne, for relators.

David B. Keller, Livingston, Dildine, Haynie & Yoder, Fort Wayne, for respondents.

PIVARNIK, Justice.

We previously issued a temporary Writ of Prohibition ordering the Whitley Circuit Court to stay any further proceedings in a declaratory judgment action involving an attempt by the City of Fort Wayne to defeat a 1972 annexation ordinance passed by the Common Council of the City of New Haven.

At the time this Court heard oral arguments on the application for a temporary writ, there were four causes of action pending in the courts of this State involving conflict between the cities of Fort Wayne and New Haven concerning annexation of certain properties lying between the two cities. The four lawsuits were characterized and defined by the Relators in the following manner:

1. Four attempts have been made to annex the real estate between Fort Wayne and New Haven and all are being challenged as follows:

227 Ind. 212, 84 N.E.2d 585. And, in such instances, this Court will enforce such exclusivity of jurisdiction by prohibiting the court last acquiring such jurisdiction from further exercise thereof." *International Harvester, supra,* 265 Ind. at 177, 352 N.E.2d 487. This Court then determined that the issue to be determined in the Whitley Circuit Court was crucially and potentially outcome determinative of the Allen Circuit Court case and the writ issued.

The situation presented to us in the present application for a writ involves the same 1972 New Haven "third attempt" at annexation pending in the Whitley Circuit Court as Cause No. C–75–135, and the 1951 Fort Wayne "second attempt" pending before Allen Circuit Court as Cause Nos. 26260 and 26283. In other words, the claim is being made here that the issues in the "second attempt" would be crucially and potentially outcome determinative of those in the "third attempt" and that therefore, the Whitley Circuit Court should be prohibited from proceeding further until the issues are determined by the court having prior jurisdiction, namely the Allen Circuit Court in Cause Nos. 26260 and 26283. We agree. The proper procedure to follow is to have these causes proceed to an ultimate resolution in an orderly manner, beginning with the first one and proceeding on to the next one, unless the issues are all settled in the first cause, making it unnecessary to go to the succeeding case. If this were not done it would be possible for as many as four different judgments to come from four different courts of concurrent jurisdiction involving the same parties and the same issues.

For those reasons and those set out in our 1976 opinion, supra, we now make the Writ permanent.

GIVAN, C. J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.