The FARMERS NATIONAL BANK OF REMINGTON, Appellant (Plaintiff Below)

v.

Toy R. ARNETT, Jr.; Rena M. Arnett; Charles W. Ephgrave; Kathryn E. Ephgrave; Carson Petroleum Co., an Illinois Corporation; Jasper Oil, Inc.; John C. Aylesworth, as Trustee for Arnett Oil, Inc.; Super Payless Gas, Inc.; State of Indiana; Ashland Oil, Inc.; Bell Fuels, Inc.; Marathon Petroleum Co.; Steve Clapp, d/b/a Carson Truck Plaza; Sand Baggers, Inc.; Jasper County Farm Bureau Cooperative, Inc.; and Tom Arnett, Appellees (Defendants Below).

No. 66A03–8702–CV–34.

Court of Appeals of Indiana, Third District.

Aug. 17, 1987.

Daniel S. Tankersley, Winamac, for appellant.

Randall J. Zromkoski, Duane W. Hartman, Blachly, Tabor, Bozik & Hartman, Valparaiso, for appellee John C. Aylesworth, trustee.

HOFFMAN, Judge.

The Farmers National Bank of Remington brings this interlocutory appeal from the Pulaski Circuit Court's denial of Farmers Bank's Motion to Strike Lis Pendens Notice. Both parties who submitted briefs on appeal (Farmers Bank and John C. Aylesworth, trustee for Arnett Oil, Inc.) agree, and the certification for interlocutory appeal indicates, that the trial court did not rule on the merits of the motion but rather deferred the ruling on the Motion to Strike Lis Pendens Notice to the Jasper Circuit Court on the theory of priority jurisdiction. This Court's review will thus be confined to the validity of that decision by the trial court.

The events that led to this appeal are as follows: In his United States Bankruptcy Court-appointed position as trustee for Arnett Oil, Inc., appellee John C. Aylesworth filed an adversary proceeding against Toy R. Arnett, Jr. (sole shareholder in Arnett Oil) and Rena M. Arnett (an officer of Arnett Oil) seeking to set aside and avoid preferential transfers and fraudulent conveyances. In connection with the adversary proceeding, a notice of pending action was filed in the Jasper County Lis Pendens Book on September 19, 1983 against certain parcels of land located in Jasper County and owned by Toy R. Arnett, Jr., and Rena M. Arnett. On January 12, 1984, Farmers Bank and the Arnetts executed a promissory note in the amount of $250,000.00, which note was secured by mortgages on the identical property which was the subject matter of the Lis Pendens Notice filed by Aylesworth. On February 3, 1984, the Arnetts filed an action against Aylesworth in the Jasper Circuit Court for the alleged wrongful filing of the Lis Pendens Notice. Farmers Bank was not a party to this action by the Arnetts. On September 5, 1985, Farmers Bank filed a complaint in foreclosure as to the note and mortgage executed by the Arnetts, which action was subsequently venued to the Pulaski Circuit Court. On October 16, 1986, Farmers Bank filed a Motion to Strike the Lis Pendens Notice filed by Aylesworth in Jasper Circuit Court. On January 2, 1987, the Pulaski Circuit Court denied the Motion to Strike Lis Pendens Notice by deferring the ruling to the Jasper Circuit Court on the theory of priority jurisdiction, and that ruling was certified for appeal.

In deferring the ruling on the validity of the Lis Pendens Notice to the Jasper Circuit Court, the Pulaski Circuit Court cited IND.CODE § 33-4-2-4 (1982), which reads as follows:

"Subject matter situate in two or more counties

Sec. 4. When the subject matter of any [suit in] such court shall be situate in two (2) or more counties, the court which shall first take cognizance thereof shall retain the same."

The Pulaski Circuit Court also cited the Indiana Supreme Court's opinion in *State ex. rel. Int'l Harvester v. Allen C.C.* (1976), 265 Ind. 175, 177, 352 N.E.2d 487, 489, where well-settled case law on priority jurisdiction was reiterated:

"An unseemly conflict of jurisdiction exists between two courts of coordinate jurisdiction where both exert authority over cases between the same parties and involving the same subject matter and issues. *State ex rel. American Reclamation and Refining Co., Inc. v. Marion Superior Court, Room 1,* (1971) 256 Ind. 507, 269 N.E.2d 869; *State ex rel. Rader v. Lake Circuit Court,* (1957) 237 Ind. 273, 145 N.E.2d 15. In such instances the jurisdiction of the court first acquiring such jurisdiction is deemed exclusive until the case is finally disposed of on appeal or otherwise."

Farmers Bank does not contest the validity or wisdom of this rule regarding priority jurisdictions, but rather claims that the rule was improperly applied by the Pulaski Circuit Court in the instant case because Farmers Bank is not a party to the prior

**512**

action filed in Jasper Circuit Court. Farmers Bank points out that the Supreme Court in *State ex rel. Int'l Harvester, supra,* stated that the rule regarding priority jurisdiction should be applied when two courts of coordinate jurisdiction exercise authority over cases not only involving the same subject matter and issues, but cases that are between the same parties as well.

While at first glance Farmers Bank's argument that the priority jurisdiction rule as set out in *State ex rel. Int'l Harvester, supra,* would not apply in this case seems meritorious, the actual holding in *State ex rel. Int'l Harvester* and other decisions indicate that less than total conflict between jurisdictions is necessary for the rule of priority jurisdiction to apply. In *State ex rel. Int'l. Harvester,* the Supreme Court held that though the conflict in the jurisdiction of the Allen and Whitley Circuit Courts was "not total and complete, in the sense that the cases pending in those courts involve precisely the same issues and precisely the same parties ...," the conflict was substantial enough to warrant the Supreme Court's granting of a writ requiring the Allen Circuit Court to stay its proceedings pending a final judicial determination of the Whitley Circuit Court case. 352 N.E.2d at 490. In so holding, the Supreme Court recognized that such extraordinary relief had been granted in the past in cases where two courts of coordinate jurisdiction were exercising their authority over cases in which the subject matter, parties and remedies sought were only substantially the same. 352 N.E.2d at 489. In *State ex rel. Indpls. Produce Terminal v. Davis, J.* (1962), 243 Ind. 55, 59, 182 N.E.2d 589, 591, the Supreme Court held in a receivership case that the court with first jurisdiction over the property subject to the receivership retained sole jurisdiction over the proceedings regarding the property even if the subsequently filed action had different parties. In *Thrasher v. Van Buren Township* (1979), 182 Ind.App. 121, 129, 394 N.E.2d 215, 220, the First District Court of Appeals cited *State ex rel. Int'l Harvester, supra,* in holding that a complaint for damages was properly dismissed in Lawrence Circuit Court because the sub-

ject matter, parties, and remedies in an already pending action in another state court in Indiana were "at least substantially the same."

In light of these decisions and the fact that the subject matter of the Pulaski and Jasper Circuit Courts' cases (the validity of the Lis Pendens Notice and the disposition of the Arnetts' Jasper County property) are identical, the Pulaski Circuit Court's decision to defer the ruling on the Motion to Strike Lis Pendens Notice to the Jasper Circuit Court was not in error. The trial court decision is affirmed.

Affirmed.

GARRARD, P.J., and ROBERTSON, J., concur.